Major Allen JONES *v.* STATE of Arkansas

CR 88-153                                          763 S.W.2d 655

Supreme Court of Arkansas
Opinion delivered January 23, 1989

*Greene Law Offices*, by: *Robert E. Adcock*, for appellant.

*Steve Clark*, Att'y Gen., by: *Olan W. Reeves*, Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. Appellant was convicted of raping a thirteen-year-old girl and was sentenced by a jury to sixty (60) years imprisonment. On appeal, he argues the evidence was insufficient to support his conviction. We disagree, and therefore affirm.

On appellate review of a criminal case, we view the evidence in the light most favorable to the state to determine whether the verdict is supported by substantial evidence. *Williams* v. *State*, 294 Ark. 345, 742 S.W.2d 932 (1988). Evidence is substantial if the jury could have reached its conclusion without having to resort to speculation or conjecture. *Id.* A person commits rape if he engages in sexual intercourse or deviate sexual activity with another person who is less than fourteen (14) years of age. Ark. Code Ann. § 5-14-103(a)(3) (1987). In rape cases, the requirement of substantial evidence is satisfied by the rape victim's testimony. *Lewis* v. *State*, 295 Ark. 499, 749 S.W.2d 672

(1988); *Cope* v. *State*, 292 Ark. 391, 730 S.W.2d 242 (1987). When determining the sufficiency of the evidence, we consider only the testimony that tends to support the verdict of guilty. *See, e.g., Gardner* v. *State*, 296 Ark. 41, 754 S.W.2d 518 (1988).

■ In reviewing the record in the present case, we conclude the state's evidence clearly supports the appellant's rape conviction. The prosecutrix testified that on October 30, 1987, she missed her school bus, and that, as she was returning from phoning her mother from a public phone, the appellant called for her to come over to talk to him. According to her testimony, he was standing on the outside stairs of his apartment complex. The prosecutrix stated that she knew the appellant. After she went over to talk with him, she testified that the appellant forced her to go upstairs with him. Once inside his apartment, she stated that the appellant took her to the back bedroom and pulled down her pants and underpants, tore her shirt, and put his penis in her vagina. The prosecutrix stated that the rape occurred between 8:30 and 9:00 a.m. During her testimony, she identified pictures of the appellant's apartment as being the place where she was raped.

While the rape victim's testimony alone meets the requirement of substantial evidence, the state also provided evidence to corroborate the victim's account. A forensic serologist testified that semen was found on the prosecutrix's vaginal swabs and smear slide, underpants, and jeans. The investigating officers testified that when the appellant was arrested in his apartment on the same day that the rape occurred, he was wearing clothes that fit the description the prosecutrix had given. In addition, during the search of the apartment, one of the officers found a baseball cap, bearing the name Ricky, on the top bunk in the back bedroom, where the prosecutrix had told the police the appellant put it before he raped her.

■ Appellant offered alibi testimony and other evidence in an attempt to discredit the evidence presented by the state. We point out, however, that it is the jury's job to judge the credibility of the witnesses, and apparently the jury chose to believe the state's case. *See Lewis*, 295 Ark. 499, 749 S.W.2d 672.

For the reasons stated above, we affirm.