Jim WILSON *v.* STATE of Arkansas

CR 91-140 817 S.W.2d 203

Supreme Court of Arkansas
Opinion delivered October 21, 1991

*Henry & Mooney*, by: *Wayne Mooney*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clementine Infante*, Asst. Att'y. Gen. for appellee.

TOM GLAZE, Justice. Appellant appeals from his conviction

for rape of his twelve-year-old niece. He was sentenced to life imprisonment. His sole argument for reversal is that there is insufficient evidence to support the jury's verdict. Appellant's argument is without merit.

 The court affirms where there is substantial evidence to support the verdict, *Lunon* v. *State*, 264 Ark. 188, 569 S.W.2d 663 (1978), and in determining whether substantial evidence exists, the court reviews the evidence in the light most favorable to the appellee. *Pope* v. *State*, 262 Ark. 476, 557 S.W.2d 887 (1977). It is permissible for the court to consider only the testimony which supports the verdict of guilt. *Gardner* v. *State*, 296 Ark. 41, 754 S.W.2d 518 (1988). In addition, the court has held that, in rape cases, the requirement of substantial evidence is satisfied by the rape victim's testimony. *Jones* v. *State*, 297 Ark. 499, 763 S.W.2d 655 (1989); *Houston* v. *State*, 293 Ark. 492, 739 S.W.2d 154 (1987).

Appellant was convicted under Ark. Code Ann. § 5-14-103(a)(3) (1987) which provides a person commits rape if he engages in sexual intercourse or deviate sexual activity with another person who is less than fourteen years of age. Here, appellant was thirty-one years old and his niece was twelve years old at the time of the alleged offense.

The victim's testimony was quite lengthy and detailed. She resided in an apartment with her mother, brother and Angel, a twenty-one-year-old mentally handicapped woman, who lived with the family. During this period, appellant commenced a series of episodes when he would touch his niece's breasts, vagina and buttocks. The victim's mother, who worked from 3:00 p.m. to 11:00 p.m., had asked appellant and his wife to look after the children, and most of these touching episodes took place during the mother's absence. The victim testified that appellant held her so she could not get away when he touched her and would give her money afterwards. She said the appellant had been drinking and smelled like alcohol on these occasions and estimated this type of sexual conduct happened approximately ten times.

The victim said that the appellant did more than "touching" after she and her family moved into a house, which appellant and his wife later moved into in order to conserve money. According to the victim, appellant then began placing "his private part" in her

anus and vagina. She vividly described how appellant "stuck his private part" in her "rear" and vagina and added that he did so a total of approximately fifteen times. She said that appellant told her that if she said anything, he would beat her and would try to kill her mother. When she tried to tell her mother one time, she said the appellant hit her on the back with a belt buckle.

The victim's brother corroborated having seen appellant touch his sister on one occasion. And Angel, who was present at the last episode when appellant raped the victim, told the victim's mother about the incident. The mother later found a condom by her daughter's bed, and noticed stains in her daughter's panties. She also related an incident when she awakened early one morning to find appellant on the couch with her daughter positioned with her head at appellant's feet and her butt in his lap. Appellant jumped up from the couch, looked funny and went to his room. The mother said she thought then that something was wrong, but her daughter denied it. And finally, a doctor who examined the victim three weeks after the reported rape, testified the victim's hymen was not intact.

In his argument, appellant questions the credibility of the state's witnesses and their accounts of what occurred. In sum, he contends their stories are unworthy of belief and fall short of substantial evidence. As we have already pointed out, the requirement of substantial evidence is satisfied by the rape victim's testimony alone and that requirement was certainly met here. While her testimony required no corroboration, such corroboration evidence was furnished as well. Accordingly, we affirm the lower court's verdict.

Pursuant to Ark. Sup. Ct. R. 11(f), we have reviewed the entire record and have found no other issues in this case that involve potentially prejudicial error to the appellant.