Harland BENNETT *v.* STATE of Arkansas

CR 91-203                                    821 S.W.2d 13

Supreme Court of Arkansas
Opinion delivered December 16, 1991

*Mark S. Cambiano*, for appellant.

*Winston Bryant*, Att'y Gen., *Pamela Rumpz*, Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. This is an appeal from the appellant's conviction of delivery substance and delivery of a counterfeit controlled substance. The appellant was sentenced to ten years imprisonment. He raises six points of error on appeal. Because we find merit in the appellant's argument that the trial court erred in denying his motion for a new trial, we reverse and remand.

Appellant was convicted solely on the basis of Karen Willhite's testimony. Karen Willhite was employed by the sheriff's department as an undercover narcotics officer. Willhite testified that she made two purchases of methamphetamine, or crank by its street name, from the appellant in his black Camero

on March 8, 1990 and April 10, 1990. Willhite did not wear any type of recording device during the buys, nor were drug buys witnessed by anyone else. After making the drug purchases with the sheriff's department money, Willhite took the drugs to Deputy Ricky West, who made out the offense/incident reports. One of the packages of crank was determined to be counterfeit. Willhite admitted during her testimony that she was friends with the appellant, but denied that they were lovers or had sex.

At the trial, the appellant presented an alibi defense that he was in California during the time of the March drug buy and that his black Camero was in the shop during this time and the time in April. To support his alibi, he had several witnesses testify that they had seen the appellant in California around the March 8th date. In addition, appellant introduced (1) a billing for an ad he placed in a San Francisco newspaper between March 6 and March 13, 1990, (2) copies of two money orders paid in the order of appellant's name received in California on March 2 and 3, and (3) a copy of a phone bill showing calls made from California to Willhite's work number on March 4, 5, 7 and 9, 1990.

We first consider the appellant's argument that there was insufficient evidence to support his conviction. The appellant properly preserved this point on appeal by raising this argument in his motion for a directed verdict. As this court has stated numerous times, we treat directed verdicts as challenges to the sufficiency of the evidence. *See, e.g., Glick* v. *State*, 275 Ark. 34, 627 S.W.2d 14 (1982). In criminal cases, this court affirms where there is substantial evidence to support the verdict. *Lunon* v. *State*, 264 Ark. 188, 569 S.W.2d 663 (1978). Substantial evidence is evidence which is of sufficient force to compel a conclusion one way or another and forces or induces the mind to pass beyond suspicion or conjecture. *See Jones* v. *State*, 269 Ark. 119, 598 S.W.2d 748 (1980). In determining whether there is substantial evidence, the court reviews the evidence in the light most favorable to the appellee. *Pope* v. *State*, 262 Ark. 476, 557 S.W.2d 887 (1977). It is permissible for the court to consider only the testimony which supports the verdict of guilt. *Gardner* v. *State*, 296 Ark. 41, 754 S.W.2d 518 (1988).

Clearly, Willhite's testimony of her drug buys from the appellant is sufficient to establish that appellant delivered con-

trolled and counterfeit substances in violation of Ark. Code Ann. § 5-64-401 (1987). In short, the jury believed the state's case instead of the appellant's alibi witnesses and other evidence. This court has stated numerous times that it is the jury's job to judge the credibility of the witnesses. *See Jones* v. *State*, 297 Ark. 499, 763 S.W.2d 655 (1989); *Lewis* v. *State*, 295 Ark. 499, 749 S.W.2d 672 (1988).

However, we do find merit in the appellant's argument that the trial court erred in denying his motion for a new trial on the basis of newly discovered evidence. Before the appellant's hearing on this motion, his attorney and the state stipulated that Willhite had lied when she stated at appellant's trial that she and the appellant had not been involved in sexual relations. Although she was subpoenaed, Willhite failed to appear at the hearing. When the appellant attempted to testify about a conversation he had with Willhite at the prison after his conviction, the trial court sustained the state's hearsay objection. The appellant then proffered his testimony and argues on appeal that the trial court erred in excluding his testimony. We need not address this issue, because the appellant was allowed without objection to introduce into evidence a taped phone conversation he had with Willhite on April 16, 1991, after his conviction.

The phone conversation between Bennett and Willhite was lengthy, but in pertinent part, the following dialogue took place:

> Appellant: Well, what did I do to get you mad at me? I mean, you wouldn't have just come out and lied, told that kind of a lie without being mad at me, would you?
>
> Willhite: I just don't know what I was doing. . . . And, I regret it, every day, all day long . . . I never stop thinking about it.
>
> \* \* \*
>
> Appellant: Well, I tell you what. You are not the one that got me convicted. It's the rumors that people started about me, making it look like I was a . . . drug addict . . .
>
> Willhite: I know. I didn't think anything like that would happen, because you had evidence that, you know . . . Overwhelming.

* * *

Appellant:   The only thing you can do is if you call Mark, and I know they are going to threaten you with perjury.

Willhite:   That's all right with me.

Appellant:   But I can't figure out, Karen . . . why you lied in the first place. . . . I mean when I was calling you from California all that time, were you planning this?

Willhite:   No, No, not at all. . . .

■   We do not reverse the refusal to grant a new trial unless we find the trial court abused its discretion. *Franks* v. *State*, 306 Ark. 75, 811 S.W.2d 301 (1991). In addition, this court has recognized that newly discovered evidence is one of the least favored grounds to justify granting a new trial. *Williams* v. *State*, 252 Ark. 1289, 482 S.W.2d 810 (1972). A new trial will not be granted because of perjury on an immaterial issue, or on a collateral issue, nor generally where the false testimony may be eliminated without depriving the verdict of sufficient evidentiary support. *Little* v. *State*, 161 Ark. 245, 255 S.W. 892 (1923).

■   Here, we cannot say that Willhite's perjured testimony about her relationship with the appellant is an immaterial issue. In addition, from the context of the phone conversation quoted above, there is a strong inference that Willhite may have lied about buying drugs from the appellant. Our concern over these two matters is heightened in view of the fact that, without Willhite's testimony, there would be insufficient evidence to support the appellant's conviction. Accordingly, we are compelled to hold that the trial court abused its discretion in denying the appellant's motion for new trial. *See Myers* v. *State*, 111 Ark. 399, 163 S.W. 1177 (1914).

For the purposes of instruction, we briefly address the remainder of the appellant's argument which may arise on retrial. However, we find it unnecessary to address the appellant's argument that the trial court erred in refusing to allow the appellant to cross-examine Willhite on whether she had sexual relations with Deputy West, because the appellant failed to make a proffer of what he might have shown on cross-examination. This court has repeatedly held that we will not find error on a trial

court's ruling that excludes evidence when there is no proffer, unless the substance of the offer is apparent from the context in which the questions were asked. *Richmond v. State*, 302 Ark. 498, 791 S.W.2d 691 (1990). The purpose of this proffer is to allow this court to see if prejudice results from the exclusion of evidence. *Duncan v. State*, 263 Ark. 242, 565 S.W.2d 1 (1978). While the appellant made it clear that his theory was that Willhite was involved in sexual relations with Deputy West and appellant at the same time, the appellant admitted that he had no evidence that Willhite was sexually involved with Deputy West. This court is uanble to determine without a proffer what Willhite would have said in reply to this question, and therefore cannot determine if the appellant was prejudiced.

■ We also summarily dismiss the appellant's argument that his charges should have been dismissed because he is constitutionally entitled to an indictment by a grand jury. The Arkansas Constitution clearly provides that persons can be charged pursuant to felony informations filed by prosecuting attorneys, and we have addressed this argument on a number of occasions and have consistently refused to extend the right to a grand jury indictment to proceedings in this state. *See, e.g., Taylor v. State*, 303Ark. 586, 799 S.W.2d 519 (1990).

Lastly, we address the appellant's argument that the trial court erred in refusing to allow the police incident/offense reports into evidence. Appellant bases his argument on A.R.E. Rule 612. Under this rule, if a witness uses a writing to refresh her memory, an adverse party is entitled to have the writing produced at the trial and to introduce into evidence those portions relating to the witness's testimony. Here, however, Willhite testified from her own memory and there is no indication from the record that she used these reports to refresh her memory. Thus, Rule 612 is not relevant to this issue.

■ Further, Willhite testified consistently concerning those matters contained in these reports. In furtherance of his alibi defense, the appellant sought to have Willhite state that the appellant was in his black Camero during these sales. While Willhite never mentioned appellant's car during her direct examination, she testified on cross-examination that the appellant was in his black Camero at the time of the drug buys. Under

the facts and circumstances of this case, the police incident/offense reports were inadmissible hearsay. *See* A.R.E. Rule 803(a)(8)(i).

In holding that a new trial should be granted, we reverse and remand.