Ernest ROE *v.* STATE of Arkansas

CR 92-457                                    837 S.W.2d 474

Supreme Court of Arkansas
Opinion delivered September 28, 1992

*Thomas Devine*, Public Defender's Office, for appellant.

*Winston Bryant*, Att'y Gen., by: *Gil Dudley*, Asst. Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. Appellant, Ernest Roe, appeals a judgment of the Pulaski Circuit Court convicting him of two counts of aggravated robbery and two counts of misdemeanor theft of property. Appellant was tried by a jury, found guilty, and sentenced as an habitual offender to two concurrent terms of forty years in the Arkansas Department of Correction. Our jurisdiction is pursuant to Ark. Sup. Ct. R. 29(1)(b).

As his sole point for reversal, appellant claims the trial court erred in restricting his cross-examination of the prosecution's key witness. We find no error and affirm the trial court's judgment of conviction.

The only proof linking appellant with the crimes charged was the testimony of one of the two victims, Michael Sutton. Although there were two victims of the robbery, only Sutton was able to identify appellant as the robber. Sutton testified that on May 17, 1991, at approximately 3:00 a.m., he and the other victim, Julie Currence, were leaving their room at the Quality Inn in North Little Rock, Arkansas, when appellant approached them in the parking lot. Sutton testified that appellant brandished a gun and then stated, "You know what's happening. Put in on the ground." Both victims did as appellant requested. Appellant then grabbed the valuables the victims had placed on the ground and

ran out of sight. Sutton testified that the man who robbed him was real close when he pointed the gun, so close that the two men were almost touching, and that he got a good look at the person who was robbing him. Sutton made an in-court identification of appellant as the man who robbed him. Sutton also identified appellant as the robber in a photographic lineup.

On appeal, appellant argues that because Sutton's testimony was the only evidence identifying appellant as the man who robbed Sutton and Currence, Sutton's ability to comprehend and remember the robber's face was critical. Currence was not able to identify appellant as the robber. Appellant claims he was not allowed to explore fully Sutton's ability to see, comprehend, and remember the robber's face because the trial court sustained an objection to the following question: "And had you driven from your home that day to the hotel and arrived on the 16th?"

The state does not contest appellant's argument that the ruling sustaining the objection was erroneous. Instead, the state argues simply that appellant failed to proffer Sutton's response to the question and we should therefore affirm.

■ Our law is well-settled that error may not be predicated upon a ruling which excludes evidence unless both a substantial right of the party is affected and the substance of the excluded evidence was made known to the trial court by offer of proof or was apparent from the context within which the questions were asked. *Bennett v. State*, 307 Ark. 400, 821 S.W.2d 13 (1991); A.R.E. Rule 103(a)(2). The record does not indicate that appellant made a proffer of Sutton's response to the sustained question. Furthermore, it is not apparent from the context in which the question was asked what Sutton's response would have been. The subject of Sutton's driving to the hotel had not been discussed elsewhere in the trial. Although Sutton did state that he was from Crossett, Arkansas, there is simply nothing in the record from which we can determine Sutton's response. Thus, there is no record before us for review. We have no means of determining if prejudice occurred; the failure to proffer evidence so that the appellate court can make that determination precludes review of the issue on appeal. *Bennett*, 307 Ark. 400, 821 S.W.2d 13.

■■ It almost goes without saying that a witness' physical

capacity to observe the events about which he testifies may be challenged during cross-examination. Edward W. Cleary, *McCormick on Evidence* § 45 (3d ed. 1984); 3 Jack B. Weinstein, Margaret A. Berger, *Weinstein's Evidence* ¶ 607[04] (1987); 3A John H. Wigmore, *Evidence in Trials at Common Law* §§ 993, 994 (Chadbourn rev. 1970). This is particularly true in a case such as the present one, where an accused's conviction hinges on the observations of one witness. However, the trial court exercised its discretion and allowed appellant wide latitude in attacking Sutton's credibility with respect to Sutton's ability to observe the robber. During cross-examination, appellant was able to elicit testimony that Sutton had arrived at the hotel at about 10:00 p.m., that he had been awake the entire time at the hotel, and that he had been awake for a total of about twenty-one hours when the robbery occurred in the parking lot at 3:00 a.m. Thus, while we agree with the state that the easy answer to this case is appellant's lack of a proffer, we point out that even if we were to conclude that such a defect was not prejudicial, we could just as easily affirm on the basis that the trial judge allowed appellant to attack Sutton's ability to observe the events in question and did not abuse his discretion by unduly restricting cross-examination.

The judgment is affirmed.