Bobby McCLURE *v.* STATE of Arkansas

CR 93-71                                   858 S.W.2d 103

Supreme Court of Arkansas
Opinion delivered July 12, 1993

*Robert T. Rogers, II*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Teena L. White*, Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. On July 12, 1991, an information was filed on Bobby McClure charging him with kidnapping, attempted rape, felon in possession of a firearm, and battery in the second degree. The firearm charge was later severed by McClure's motion, and the rape and battery charges were nolle prosequi by the state. On June 4, 1992, McClure was convicted by a jury of kidnapping and sentenced to forty years imprisonment. McClure appeals from that conviction based on sufficiency of the evidence.

The facts are that in the early morning of Saturday, July 6, 1991, Heather, who was sixteen years old at the time, drove to the Red-X Express Mart where she called her boyfriend on the pay phone. The Red-X was located on Highway 62 in Carroll County near Alpena, Arkansas; the pay phone was located outside and on the backside of the store. Heather saw a man staring at her and because of the man's strange behavior, she ended her conversation. As she was returning to her car, the man grabbed and dragged her toward his truck which was parked behind the store.

While the store was well lit on the front, the area behind it was in shadow.

As the man was trying to get Heather into the cab of his truck, he threw her to the ground and repeatedly hit her, choked her, threatened to break her arm and kill her, and partially pulled off her shirt. Heather found a gun on the truck seat and threatened the man with it, but he took it away from her. After he got her into the truck, Heather continued to fight by trying to get out of the truck. While holding on to her by the hair, the man drove out of the store parking lot and down the highway. Approximately one-half block from the store, Heather was able to open the passenger door, slide out of the moving truck, and escape.

During the scuffle Heather's screams alerted Ruby Gatlin, who lived near the Red-X, and could see the back of the store from her bedroom window approximately 150 feet away. Although it was still dark during the attack, Ruby was able to identify the approximate size and shape of the assailant, the coloring of his clothing, the type and general coloring of the vehicle involved, and corroborate Heather's story of her struggle and abduction. J.R. Ashcock, a lieutenant and crime investigator with the Carroll County Sheriff's Office, got McClure's name from the store clerk as someone who had been present at the store that morning.

At approximately 5:18 a.m. that same morning, Bobby McClure was arrested for DWI, speeding, and driving without a license in Madison County. During a vehicle search, a gun was found behind the driver's seat.

McClure challenges the sufficiency of the evidence based upon inconsistent statements made by the victim and Ruby Gatlin, and the lack of physical evidence connecting him to the crime. He claims that while he was present at the Red-X on the morning of the assault, he was not the one who committed the crime. McClure moved for a directed verdict both at the close of the state's case-in-chief and again at the close of the case, thus preserving his appeal based on sufficiency of the evidence.

When the sufficiency of the evidence is being challenged on appeal, we review the evidence in the light most favorable to the appellee, considering only that evidence which

tends to support the verdict. We do not weigh evidence on one side against the other; we simply determine whether the evidence in support of the verdict is substantial. *Tisdale* v. *State*, 311 Ark. 220, 843 S.W.2d 803 (1992); *Salley* v. *State*, 303 Ark. 278, 796 S.W.2d 335 (1990). Substantial evidence is that which is forceful enough to compel reasonable minds to reach a conclusion one way or another, and requires more than mere speculation or conjecture. *Crutchfield* v. *State*, 306 Ark. 97, 812 S.W.2d 459 (1991). It is permissible to consider only the testimony which supports the verdict of guilt. *Gardner* v. *State,* 296 Ark. 41, 754 S.W.2d 518 (1988); *Wilson* v. *State*, 307 Ark. 21, 817 S.W.2d 203 (1991).

In this case the evidence supporting McClure's conviction is more than substantial including the victim's identification of him as her assailant and abductor. Heather testified that she had noticed McClure watching her while she talked on the phone and that she saw him face to face during the attack while he was choking her. At the hospital she was able to give the investigator a description of her assailant and his clothing. That description was corroborated by Ruby Gatlin. Both described the man as tall having long dark hair and wearing dark clothing. Heather was also able to describe the man as having a full beard. Upon his arrest in Madison County on the morning of the abduction, McClure had long dark hair and a full beard, and was wearing dark clothing. On July 19, 1991, Heather identified McClure's photograph immediately from among a group of six and identified him again in court as her assailant. Further, she was able to point out the differences in McClure's appearance at the trial compared to the way he looked on the morning of the kidnapping.

Additionally, the store clerk, Michael Langston who knew McClure because he lived near the store and had come into the store before, testified that on the morning of the crime while taking the trash out, he saw McClure standing toward the rear of the store and that Heather was on the phone nearby. Also, Stanley Jones, who worked with McClure at Tyson Foods in Green Forrest, was at the Red-X the morning of the abduction, and testified that he saw McClure drive into the parking lot to the back of the store and park, and that he also saw a "young lady" on the phone.

McClure argues that neither the victim nor the eyewitness

ever positively identified his truck as the one involved in the crime. And that each woman described the truck involved as different in color from his, and both were equivocal as to the presence or absence of a tailgate. Further, he argues that Heather described the gun she found in the truck of her assailant as silver with a wooden handle, but that his gun was silver with a brown plastic handle. McClure argues that the discrepancies in this testimony are critical details that prove that he was not the one who assaulted and abducted Heather.

■ We reject his arguments. Heather identified both a photo of McClure's truck as similar to the one involved in the crime and his gun as similar to the one she had found in the truck. Further, Heather was able to describe the inside of the cab including the fact that the truck had a big horn which she blew in her struggle and attempts to attract help, the passenger-side door handle which she used to effect her escape, and a multicolored, woven seat cover. While the descriptions of the outside of the truck and the gun do not perfectly match McClure's truck and gun, neither victims nor eyewitnesses are expected to notice and remember every detail while a crime is in progress. Any discrepancies that occur in the testimony are for the jury to resolve. *White* v. *State*, 39 Ark. App. 52, 837 S.W.2d 479 (1992). *See also Smith* v. *State*, 271 Ark. 671, 609 S.W.2d 922 (1981).

Certainly, the unwavering testimony of the victim that McClure was her abductor coupled with her identification of him both in a photographic lineup and in the courtroom is substantial evidence. Added to that is her general description of the outside and the specific details of the inside of McClure's truck, as well as the presence of a gun in the truck. Heather's testimony regarding the crime is corroborated by the testimony of the eyewitness, Ruby Gatlin. Additionally, the testimony of Michael Langston and Stanley Jones place McClure and his truck at the Red-X on the morning of the abduction and directly in the vicinity of Heather as she talked on the phone.

■ Any discrepancies in descriptions of details were minor and were within the providence of the jury to resolve. The jury could believe or disbelieve any of the testimony totally or in part. Because substantial evidence supports McClure's conviction, we affirm.