Ripple Wayne SUTTON *v.* STATE of Arkansas

CR 94-17                                        878 S.W.2d 748

Supreme Court of Arkansas
Opinion delivered July 5, 1994

*Val P. Price*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Joseph V. Svoboda*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. Appellant, Ripple Wayne Sutton, was convicted of the first degree murder of Lyle Boliou and of being a felon in possession of a weapon. He appealed, and we reversed because of the improper joinder of charges. *Sutton* v. *State*, 311 Ark. 435, 844 S.W.2d 350 (1993). Upon remand, the charges were severed, and he was tried on the first degree murder charge. He was again convicted, again appeals, and this time argues that the trial court erred in refusing to grant a directed

verdict. The trial court correctly denied the motion for a directed verdict.

■ Appellant's point is a challenge to the sufficiency of the evidence. *See Friar* v. *State*, 313 Ark. 253, 854 S.W.2d 318 (1993). When reviewing a challenge to the sufficiency of the evidence, we consider only the evidence that supports the verdict, in the light most favorable to the appellee, and affirm if the evidence is substantial. *Crawford* v. *State*, 309 Ark. 54, 827 S.W.2d 134 (1992). Under that standard, the facts are as follows.

Kathy Rigsbee testified that on the day of the murder she and appellant spent most of the day driving around in appellant's car and drinking. In the afternoon they stopped at a liquor store to purchase something more to drink. Appellant went to the back of the store, and she saw him speak to some men. He returned to the car and said they were going to meet a man named Boliou. They met Boliou on a highway and followed him to a sandy road in an isolated area next to the St. Francis River in Greene County. The three of them sat in the bed of Boliou's truck and drank tequila. Appellant told Boliou that Rigsbee gave "a real good back rub," and Boliou took off his shirt and lay face down in the bed of the truck, apparently waiting for her to rub his back. Rigsbee became apprehensive and started to get out of the back of the truck. As she was climbing out she heard one pistol shot soon followed by two more. As they were driving away, she noticed blood on appellant, asked if he had killed Boliou, and he responded affirmatively.

Rigsbee did not report the murder, and she denied knowledge of it when she was initially questioned by the police. She testified that she so acted out of fear of appellant.

There was other evidence to corroborate Rigsbee's testimony. Freddie Siebert testified that he was at the liquor store when appellant and Boliou agreed to meet later that afternoon. Bernie Markum testified that he traded a .22 caliber pistol to appellant earlier in the year. The same pistol was found at the crime scene, and appellant's fingerprint was found on the trigger guard. Four spent .22 caliber shell casings were found near Boliou's corpse. A forensic pathologist testified that Boliou had been shot three times at close range in the back of the head, and

a firearms examiner testified that the fragments removed from the body were .22 caliber bullets.

In contending that the evidence is insufficient, appellant points out inconsistencies in Rigsbee's testimony, along with contradictory testimony from other witnesses. We have repeatedly written that it is the jury's duty to weigh the evidence and to resolve contradictions and conflicts in the testimony. *See Abdullah* v. *State*, 301 Ark. 235, 785 S.W.2d 58 (1990). It is not the province of this court to reweigh the evidence. Rather, this court will determine only whether the evidence supporting the verdict is substantial. *McClure* v. *State*, 314 Ark. 35, 858 S.W.2d 103 (1993). Appellant also argues that motive for the murder was not proved, but it is settled that the State is not required to prove motive for first degree murder. *Parker* v. *State*, 290 Ark. 158, 717 S.W.2d 800 (1986).

The testimony of the witnesses, coupled with the physical evidence, when viewed in the light most favorable to the State, was substantial and was sufficient to support the conclusion that appellant purposely caused the death of Lyle Boliou. *See* Ark. Code Ann. § 5-10-102(b) (Repl. 1993).

Affirmed.