Chad Eugene JONES *v.* STATE of Arkansas

CR 95-397                                907 S.W.2d 672

Supreme Court of Arkansas
Opinion delivered October 2, 1995

*William R. Simpson, Jr.*, Public Defender, by: *C. Joseph Cordi*, Deputy Public Defender, for appellant.

*Winston Bryant*, Att'y Gen., by: *David R. Raupp*, Asst. Att'y Gen., for appellee.

ANDREE LAYTON ROAF, Justice. Appellant Chad Eugene Jones was convicted of first-degree murder and second-degree battery and was sentenced to thirty-two years imprisonment. On appeal, Jones contends that (1) the trial court abused its discretion by refusing to allow him to testify in rebuttal of evidence that he had previously been convicted of a felony and (2) the trial court abused its discretion by denying his amended motion for a new trial. We find no reversible error and affirm the judgment.

On December 18, 1993, Tim McGarity and two friends were riding in McGarity's Subaru. Several other friends were following the Subaru in separate vehicles. The group entered a Taco Bell parking lot adjacent to Harvest Foods in Sherwood. McGarity thought he recognized a white truck parked in the Harvest Foods parking lot as the vehicle occupied by two young men who had made "gestures" at him earlier that evening. McGarity then drove into the Harvest Foods parking lot, and he and Clay Cochran got out of his vehicle and approached Shan Messer and James Gross, the two people standing near the white truck, with the stated intention of fighting them. After McGarity and Cochran began fighting, the other friends who were following them also entered the Harvest Foods parking lot and began getting out of their vehicles and congregating around the fight. A blue Honda Accord carrying friends of Gross and Messer then pulled in alongside the white truck, and shots were fired toward McGarity and his friends. Appellant Jones testified he was riding in the Honda

with Jason Carter and Michael Webb. In all, approximately fifteen shots were fired. McGarity was wounded in the leg, and Jason Hatcher, who had been riding in one of the vehicles following McGarity's Subaru, was fatally shot in the back.

Appellant Chad Jones, James Gross, Jason Carter, and Michael Webb were charged with first-degree murder and first-degree battery. At the appellant's trial, several witnesses testified that they observed both the appellant and James Gross firing guns. Testimony also indicated that the Jones group had at least two handguns and a rifle that evening. The fragments recovered from the body of Jason Hatcher were too small to determine from which firearm the fatal bullet had been fired. Appellant testified that he did not fire or even hold a gun during the incident.

Appellant first argues the trial court abused its discretion by refusing to allow him to testify in rebuttal of evidence that he had previously been convicted of a felony. During direct examination, the appellant testified he had never been convicted of a felony. On cross-examination, Jones again denied having any felony conviction. The deputy prosecuting attorney then stated "Isn't it true that in case number Eighty-nine One Thirty-five you were found guilty of breaking or entering?" Counsel for the appellant requested permission to approach the bench and, subsequently, he requested a brief recess to examine the state's document and consult with his client. After the brief recess, counsel for the appellant stated there was no objection.

After the defense rested its case, the state sought to introduce evidence of the appellant's prior conviction during rebuttal. During the discussion, the following exchange occurred:

> Counsel for defense: Your Honor, we would certainly not object to any certified record [of the conviction].
>
> Trial Court: All right.
>
> Counsel for defense: However, we would ask for permission to call the defendant to the witness stand on that one issue.

The prosecution objected, stating, "They had an opportunity to address that while the defendant was on the stand." After further

argument, the trial court stated, "The court will permit him [Jones] to come back on that point. You can introduce that." A certified copy of the judgment indicating the defendant pled guilty to breaking or entering in case number CR89-135 was then admitted into evidence, with the defendant's stipulation. Jones had received a three year suspended sentence for the earlier conviction.

At the conclusion of the state's rebuttal, counsel for the defense then sought to call the defendant as a witness. The state again asserted that the appellant lost any opportunity to explain the conviction when he denied having any prior convictions during direct examination. The following exchange then occurred:

> Counsel for defense: Judge, what this would be about — first off, we're not talking — well, I guess in a way we're talking about prior inconsistent statements from the first statement he made when I asked him this final question to the last one. But at that point he wasn't impeached. He was not impeached until they put on their proof. At that point, I am entitled — that is where — that is where — the state is at that point — that is where — they have to give him an opportunity to explain. And it was not done. That's what it says under the rules, if the witness is afforded an opportunity.

> Trial Court: Did he not have an opportunity before he left the stand?

> Counsel for defense: We did not ask him. I admit we did not ask him any further questions.

> Trial Court: But you had the opportunity, did you not?

> Counsel for defense: Yes, we did, Judge.

> Trial Court: On redirect?

> Counsel for defense: Yes, we did, Judge.

> Trial Court: And you chose not to pursue it on redirect. The Court's not going to allow him either because he had the opportunity.

> Counsel for defense: Thank you, your Honor.

■ The trial court may have misled appellant by its earlier statement that Jones would be allowed to testify in rebuttal of the conviction record; however, appellant did not proffer the substance of the excluded testimony after the court made a final ruling to disallow his rebuttal. For this reason, the issue is not preserved for appeal. It is well established that error may not be predicated upon a ruling which excludes evidence unless both a substantial right of the party is affected and the substance of the excluded evidence was made known to the trial court by offer of proof or was apparent from the context within which the questions were asked. *Roe* v. *State*, 310 Ark. 490, 837 S.W.2d 474 (1992); A.R.E. Rule 103(a)(2). Here, the appellant did not make a proffer of the excluded testimony, nor was the substance of the excluded testimony apparent from the context.

■ On appeal, the appellant asserts he was entitled to explain the conviction, but he does not indicate what testimony he would have presented. In his motion for new trial, the appellant asserted the conviction should not have been admitted because the appellant was entitled to have that conviction expunged. This argument, however, was not presented to the trial court during the appellant's trial. An argument not presented to the trial court need not be considered on appeal. *Richmond* v. *State*, 320 Ark. 566, 899 S.W.2d 64 (1995).

For his second point on appeal, Jones contends the "trial court should have granted [him] a new trial because the court's refusal to allow him to testify in rebuttal of the state's evidence that he had previously been convicted of felony prevented him from having a fair trial." In his motion for new trial, the appellant for the first time asserted he was entitled to answer that he had no prior felony conviction because he was eligible to have his prior conviction expunged.

■ We will not reverse the refusal to grant a new trial unless we find the trial court abused its discretion. *Bennett* v. *State*, 307 Ark. 400, 821 S.W.2d 13 (1991). Since we find no reversible error in prohibiting the rebuttal testimony, it follows that the trial court could not have abused its discretion in denying the appellant's amended motion for a new trial.

For the reasons stated, the conviction is affirmed.