

# ARKANSAS COURT OF APPEALS

DIVISIONS II & III
**No.** CR–16–721

| | |
|---|---|
| EDWARD DARNELL ROGERS | **Opinion Delivered:** October 18, 2017 |
| APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FOURTH DIVISION [NO. 60CR–15–390] |
| V. | |
| STATE OF ARKANSAS | HONORABLE HERBERT T. WRIGHT, JUDGE |
| APPELLEE | REVERSED AND REMANDED |

## BART F. VIRDEN, Judge

A Pulaski County jury found appellant Edward Darnell Rogers guilty of three counts of rape and sentenced him as a habitual offender to an aggregate term of forty years in prison. On appeal, he argues that the trial court erred in denying his directed-verdict motions and abused its discretion in not allowing him to impeach one of the victims with a misdemeanor conviction for theft of property. We agree with Rogers's second point and therefore reverse and remand.

### I. *Trial Testimony*

In 2003 or 2004, Tia Bryant moved to a neighborhood in North Little Rock with her five children—four daughters and one adult son. Rogers already lived in that neighborhood with his mother. Bryant and Rogers began dating, and Rogers moved into Bryant's home in 2006.

The four daughters from oldest to youngest are L.W. (DOB: 6-23-1994), twins Mi.B. and T.B. (DOB: 6-27-1998), and Ma.B. (DOB: 5-5-2000). All four girls testified that they thought of Rogers as their father and that he had transported them to school and after-school events, had cooked for them, had bought them clothes and shoes, and had even disciplined them. All four girls also testified that Rogers began touching them inappropriately when they were teens. They each described multiple sexual encounters with Rogers that involved penetration. They further testified that Rogers had warned them not to tell anyone about the encounters.

Tia Bryant stated that her daughters eventually told her what Rogers had done to them and that she had made Rogers move out in October 2013. He moved four houses down; he was permitted to keep a key to Bryant's home; and the children continued to be around Rogers and his family. Bryant testified that Rogers had apologized and that he had said that he made a mistake, that it would never happen again, and that he would continue to support her financially. Bryant said that she gave Rogers the benefit of the doubt and did not report the rapes until November 2014.

Rogers testified on his own behalf, along with various family members, friends, and neighbors. Rogers said that it was his idea to move out of Bryant's home in 2013 because someone had been stealing from him and because of the lack of space. Rogers stated that he continued to see Bryant's daughters and continued to act as their father figure. He denied ever having touched them inappropriately and could not understand why they would tell such lies. According to Rogers, Bryant reported the rape allegations because she was jealous when she saw him with another woman and because she was probably upset that he could

no longer continue to support her financially because he was providing for his wife and five children.

The jury found Rogers guilty of raping L.W., Mi.B., and Ma.B., but the jury found him not guilty of raping T.B. The jury sentenced Rogers to twenty years for raping L.W. and Mi.B. and to forty years for raping Ma.B.[1]

## II.  *Discussion*

### A.  Sufficiency

Because of double-jeopardy concerns, we address Rogers's challenge to the sufficiency of the evidence before our review of any asserted trial errors. *Foshee v. State*, 2014 Ark. App. 315. A directed-verdict motion is a challenge to the sufficiency of the evidence and requires the movant to apprise the trial court of the specific basis on which the motion is made. *Rounsaville v. State*, 372 Ark. 252, 273 S.W.3d 486 (2008). Arguments not raised at trial will not be addressed for the first time on appeal, and parties cannot change the grounds for an objection on appeal, but are bound by the scope and nature of the objections and arguments presented at trial. *Id*.

Rogers contends that there was insufficient evidence to support his convictions for rape because the victims' testimony was inconsistent; there was no physical evidence of rape; and there was a one-year delay in reporting the alleged crimes.

Defense counsel made the following directed-verdict motions at trial:

---

[1]Rogers was charged with raping L.W. and Mi.B. pursuant to Ark. Code Ann. § 5-14-103(a)(4)(A)(i) (Supp. 2011 and Repl. 2013), which, among other things, requires the actor to be the victim's guardian. Rogers was charged with rape pursuant to section 5-14-103(a)(3)(A) (Supp. 2011 and Repl. 2013) with respect to Ma.B. because she was less than fourteen years old.

> Judge, on the count against Ma.B., State has failed to meet a prima facie case in that they've failed to show that Edward Rogers engaged in sexual intercourse or deviate sexual activity with Ma.B. and that Ma.B. was less than 14 years of age at the time of the alleged offense.
>
> . . . .
>
> I'm gonna make the next two motions because they are the same as the [sic] T.B. But the State has failed to make a prima facie case that Edward Rogers engaged in sexual intercourse or deviate sexual activity with either Mi.B. or L.W., and that Mi.B. and L.W. were less than 18 years of age at the time of the alleged offense. And that Mr. Rogers was Mi.B.'s or L.W.'s guardian.

Rogers's arguments are not preserved for review because they are being raised for the first time on appeal. Defense counsel below made no mention of credibility, the lack of physical evidence, or the victims' delayed reporting; rather, he challenged the elements of the two rape offenses. In any event, the uncorroborated testimony of a rape victim alone is sufficient to sustain a conviction. *Ward v. State*, 370 Ark. 398, 260 S.W.3d 292 (2007). It is the province of the jury to decide the credibility of witnesses. *West v. State*, 27 Ark. App. 49, 766 S.W.2d 22 (1989). Scientific evidence is not required, and the victim's testimony describing penetration is enough for a conviction. *Gatlin v. State*, 320 Ark. 120, 895 S.W.2d 526 (1995).

The victims testified to their ages, to sexual encounters with Rogers involving penetration, and to the notion that they considered Rogers their father for all practical purposes. To the extent the victims' testimony was inconsistent, it was for the jury to resolve those inconsistencies. Moreover, Dr. Kristen Long testified that it was not unusual to have no physical findings of rape, and Detective Ashley Noel testified that delayed disclosure is normal. The testimony of the victims was substantial evidence to support Rogers's convictions.

## B. Witness Impeachment

For the purpose of attacking the credibility of a witness, evidence that he or she has been convicted of a crime shall be admitted but "only if the crime . . . involved dishonesty or false statement, regardless of the punishment." Ark. R. Evid. 609(a)(2). Rogers sought to impeach L.W. with a prior conviction.[2] The following colloquy occurred:

| | |
|---|---|
| [DEFENSE]: | She has a misdemeanor conviction out of 2014 for theft of property. Before I impeach her for that, I want to make sure are y'all objecting on that? |
| [PROSECUTOR]: | Yes. It's a misdemeanor, and it's over—I mean, it's over a year old. |
| [DEFENSE]: | It's a misdemeanor, but it's in the matter that deals with truthfulness.[3] |
| [PROSECUTOR]: | Actually[,] theft is not. If it was a forgery, or filing a false police report or something like that. |

---

[2]In response to the dissenting judges, we note that L.W. was the State's witness on the stand when defense counsel sought to impeach a witness. It seems only reasonable that defense counsel would seek to impeach the witness who was accusing his client of rape. To be fair, Ms. Hackett was also a witness, but to suggest that defense counsel would want to attack her credibility is illogical because she was later called to the stand by defense counsel to testify on Rogers's behalf, and she gave testimony that was favorable to Rogers.

[3]The terms "truthfulness or untruthfulness" and "dishonesty" in Arkansas Rules of Evidence 608 and 609(a)(2) are often conflated. In *Rhodes v. State*, 276 Ark. 203, 634 S.W.2d 107 (1982), our supreme court recognized that its interpretation of Ark. R. Evid. 608(b) was too broad in *Gustafson v. State*, 267 Ark. 278, 590 S.W.2d 853 (1979), and modified its interpretation of the rule to limit the inquiry on cross-examination to "specific instances of misconduct clearly probative of truthfulness or untruthfulness as distinguished from conduct probative of dishonesty." *Rhodes*, 276 Ark. at 207, 634 S.W.2d at 110. So, while Rule 608 permits admission of specific instances of conduct involving *truthfulness or untruthfulness*, Rule 609(a)(2) authorizes admission of convictions for crimes involving *dishonesty or false statements*.

TRIAL COURT:        I agree.[4]

A person commits theft of property if he or she knowingly takes or exercises unauthorized control over or makes an unauthorized transfer of an interest in the property of another person with the purpose of depriving the owner of the property, or obtains the property of another person by deception or by threat with the purpose of depriving the owner of the property. Ark. Code Ann. § 5-36-103(a)(1) & (2) (Repl. 2013).

The Arkansas Supreme Court has interpreted Ark. R. Evid. 609 to include theft of property as a crime involving dishonesty. *See, e.g., Floyd v. State*, 278 Ark. 86, 643 S.W.2d 555 (1982) (holding that, because Floyd's convictions for burglary and theft were crimes involving dishonesty pursuant to Rule 609, they were admissible without the weighing test); *James v. State*, 274 Ark. 162, 622 S.W.2d 669 (1981) (holding that a prior conviction for theft involved dishonesty pursuant to Rule 609 and that there was no requirement that the trial court weigh and consider the prejudicial effect). Crimes involving dishonesty and false statements are regarded as probative of credibility and can be used to impeach a witness's credibility. *Fronterhouse v. State*, 2015 Ark. App. 211, 463 S.W.3d 312. We hold that the trial court thus erred in excluding L.W.'s prior conviction for impeachment purposes under Rule 609(a)(2).

---

[4]Although it would have been the better practice for the trial court to announce its ruling by clearly stating either "sustained" or "overruled," the prosecutor was the last person to speak before the trial court said, "I agree." Moreover, the parties were aware that the trial court had sustained the State's objection given that defense counsel did not proceed with his impeachment of L.W. with her 2014 misdemeanor conviction for theft of property.

Here, Rogers's counsel did not proffer a certified copy of L.W.'s 2014 conviction for theft of property. It is well established that error may not be predicated upon a ruling that excludes evidence unless both a substantial right of the party is affected and the substance of the excluded evidence was made known to the trial court by offer of proof or was apparent from the context within which the questions were asked. *Jones v. State*, 321 Ark. 649, 907 S.W.2d 672 (1995). In *West v. State*, 27 Ark. App. 49, 766 S.W.2d 22 (1989), this court held that it was necessary for the proponent of the evidence to demonstrate that a conviction for hindering apprehension was a crime involving dishonesty or false statements because there were six different ways to commit that crime—only one of which involved giving false information. Because there was no offer of proof as to the factual circumstances, this court was unable to determine whether the conviction would have been admissible.

On the other hand, in *Fronterhouse*, *supra*, this court held that the trial court erred in excluding evidence of a witness's misdemeanor convictions for improper use of evidence of registration and criminal impersonation because they were admissible for purposes of impeachment under Rule 609. We distinguished *West*, *supra*, and noted that it was not always necessary to demonstrate the underlying facts giving rise to a conviction in order to establish that it involved dishonesty or false statements—especially when the definition of the offense itself clearly demonstrates that dishonesty or a false statement is necessary to be convicted of the offense.

Even though a certified copy of L.W.'s conviction was not proffered here, as was done in *Fronterhouse*, the record shows that the prosecutor acknowledged that such a conviction existed. The colloquy demonstrated that it was a 2014 misdemeanor conviction

for theft of property. Theft of property, by its very definition and as interpreted by our supreme court, involves an act of dishonesty; therefore, it was not necessary to hear the underlying facts, and no proffer was required because the substance of the conviction was made known to the trial court. *See Jones*, *supra*.

Although the erroneous denial of a defendant's opportunity to impeach a witness is subject to a harmless-error analysis, *Swinford v. State*, 85 Ark. App. 326, 154 S.W.3d 262 (2004), to conclude that a constitutional error is harmless and does not mandate a reversal, our appellate courts must conclude beyond a reasonable doubt that the error did not contribute to the verdict. *Id.* While the evidence was legally sufficient to support a conclusion that Rogers raped Mi.B. and Ma.B., we are not entirely convinced that the jury would have believed their testimony had Rogers been permitted to impeach L.W. with her prior conviction. Because of the similarity of the sexual acts among these then teen-aged siblings who lived with Rogers and thought of him as their father,[5] we cannot say that L.W.'s testimony had no bearing on whether the jury believed Mi.B. and Ma.B. For these reasons, we reverse Rogers's three rape convictions and remand for a new trial or further proceedings.

Reversed and remanded.

GLOVER, HIXSON, and BROWN, JJ., agree.

---

[5]L.W.'s testimony was relevant to proving the charges involving her sisters. Under the pedophile exception to Arkansas Rule of Evidence 404(b), our supreme court has approved allowing evidence of the defendant's similar acts with the same or other children when it is helpful to show a proclivity for a specific act with a person or class of persons with whom the defendant has an intimate relationship. *Kelley v. State*, 2009 Ark. 389, 327 S.W.3d 373.

GLADWIN and WHITEAKER, JJ., dissent.

**ROBERT J. GLADWIN, Judge, dissenting**. I agree with the majority that substantial evidence supports appellant's conviction. However, I respectfully dissent from the holding that reversed the trial court for failing to allow appellant to impeach L.W. The issue was not preserved for review due to appellant's failure to proffer adequate evidence of L.W.'s conviction.

When there is no offer of proof as to the factual circumstances involved in the conviction, the court may be unable to determine whether the conviction should be admissible as one involving dishonesty or false statements. *West v. State*, 27 Ark. App. 49, 766 S.W.2d 22 (1989). Here the colloquy is insufficient to be an offer of proof. The appellant is not clear as to who had the conviction. The following is the exchange between defense counsel and L.W. immediately prior to the quote in the majority opinion.

QUESTION: Did you ever tell Comel Hackett that nothing ever happened to you, that the rape didn't occur?

ANSWER: No.

QUESTION: You sure?

ANSWER: I'm positive.

QUESTION: And you worked with Comel at Target, correct?

ANSWER: Correct.

MR. BLAIR: Judge, may we approach for a second?

COURT: You may.

MR. BLAIR: She has a misdemeanor conviction . . . .

From this exchange, it is unclear whether counsel is referring to Comel Hackett or to L.W.

"She" is an inadequate identification of who has the conviction.

The appellant also failed to adequately proffer the conviction. The simple statement that "she has a conviction out of 2014 for theft of property" is not a proffer. A judgment and sentencing order from the convicting court is evidence of the conviction. These documents are public records and easily obtainable to be used as a proffer of evidence.

Finally, even if one considered this exchange a proffer by the defense and an objection by the State, the trial court did not rule on the objection. Trial courts either sustain or overrule objections. The court stating, "I agree," does not adequately rule on the objection. One must obtain a ruling to preserve a point for appeal. *Ashley v. State*, 358 Ark. 414, 191 S.W.3d 520 (2004). The majority chooses to read more into this colloquy than is actually there.

Simply stated, appellant asked no questions to establish the underlying facts of the conviction, failed to present the conviction to the court, and made no record whatsoever for this court to determine whether the conviction would have been admissible. *See* Ark. R. Evid. 103(a)(2) (2016). Without this threshold evidence, an analysis of Arkansas Rules of Evidence 609 or 608 is unnecessary.

WHITEAKER, J., joins.

*Hancock Law Firm*, by: *Sharon Kiel*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.