Shawn A. Womack, Justice, concurring.
I join the majority opinion in full. It faithfully applies this court's established precedent that theft of property is a crime necessarily "involv[ing] dishonesty or false statement" for the purposes of Arkansas Rule of Evidence 609(a)(2). Further, the majority correctly determines that any error made by the trial court related to that issue was harmless in this case. I write separately to suggest that this court's classification of theft as a crime of dishonesty per se, longstanding though it may be, rests on thin reasoning and merits reexamination.
This court's current classification of theft of property goes back nearly four decades to Gustafson v. State , 267 Ark. 278, 590 S.W.2d 853 (1979). There, the court acknowledged that elements of Arkansas Rules of Evidence 608 and 609 are concerned with the distinction between crimes that involve dishonesty per se (e.g., "forgery, perjury, bribery, false pretense and embezzlement") and crimes that do not involve dishonesty per se (e.g., "murder, manslaughter or assault"). Id. at 288-89, 590 S.W.2d at 859. So far, so good. Without analysis, however, the court then reached the abrupt conclusion that "theft, as it is defined in the Arkansas Criminal Code, involves dishonesty." Id.
Then, just as now, the theft statute did not obviously support such a blanket conclusion. The current theft statute has remained substantively identical to the version cited in Gustafson. It identifies two methods of committing theft of property: "(1) tak[ing] or exercis[ing] unauthorized control over or mak[ing] an unauthorized transfer of an interest in the property of another person with the purpose of *393 depriving the owner of the property; or (2) obtain[ing] the property of another person by deception or by threat with the purpose of depriving the owner of the property." Ark. Code Ann. § 5-36-103(a) (Repl. 2013). While the second method clearly concerns conduct that is dishonest per se, it is not at all clear that the first does. Consistently treating the first as the second, as we seem to do with theft, would require allowing the exception contained in 609(a)(2) to swallow the rule. The General Assembly's inclusion of deception as an element of the crime in section (2) while excluding it from section (1) should not be ignored. Furthermore, common sense tells us that there are many ways to commit theft that do not involve dishonesty in any direct way. For instance, the ne'er-do-well who snatches grandma's purse has behaved dishonorably , but not necessarily dishonestly.
Reviewing the typical application of Rule 609(a)(2), it becomes apparent that our treatment of theft is the outlier. West v. State , 27 Ark. App. 49, 766 S.W.2d 22 (1989), provides a useful example. The court of appeals noted that the offense at issue in that case-hindering apprehension-"may be committed in six different ways" of which "[o]nly one involves giving false information." Id. at 52, 766 S.W.2d at 24. Because only some instances of hindering apprehension would fall into the Rule 609(a)(2) exception, the party seeking to use the conviction for impeachment purposes was required to make an "offer of proof as to the factual circumstances involved" in the offense. Id. at 53, 766 S.W.2d at 24. We should consider whether attempts to impeach witnesses with testimony about their theft convictions should require this same minimal factual development. Rule 609(a)(2) is a cabined exception. It does away with both the severity requirements and the balancing of probative value against prejudicial effect typically required to admit convictions for impeachment purposes under Rule 609(a)(1). If a conviction falls under Rule 609(a)(2), it is automatically admissible to impeach credibility; this more permissive standard can be justified only if those convictions genuinely concern the witness's honesty.
Finally, I note that this court has accounted for the concerns I highlight above in its jurisprudence on Arkansas Rule of Evidence 608(b), creating a puzzling tension between two consecutive rules. Rule 608(b) concerns the introduction of instances of conduct "other than conviction of crime as provided in Rule 609" to demonstrate a witness's "character for truthfulness or untruthfulness." In Rhodes v. State , 276 Ark. 203, 634 S.W.2d 107 (1982), and subsequent cases, we have expressly limited Gustafson 's reach in the Rule 608(b) context. In Rhodes , we prohibited the introduction of past instances of shoplifting that did not result in convictions, reasoning that "while an absence of respect for the property rights of others is an undesirable trait, it does not directly indicate an impairment of the trait of truthfulness." Id. at 210, 634 S.W.2d at 111. This results in an uneasy status quo. Theft resulting in a conviction is treated as per se dishonest, and it is therefore admissible under Rule 609(a). Acts of theft not resulting in conviction are not considered probative of truthfulness, and they are therefore not admissible under Rule 608(b). Clever lawyering might construct a compelling difference between truthfulness and honesty, but the apparent strain is more than a plain reading of the rules can comfortably bear.
Because of the sparse development of this issue below and the results of the harmless-error analysis, I am reluctant to use this case as a vehicle to revise our longstanding categorization of theft of property as a crime necessarily involving dishonesty. I believe that the brief discussion above, however, indicates that our case law in this area deserves careful reexamination *394 upon the arrival of an appropriate opportunity.