Loyd Dwayne JAMES *v.* STATE of Arkansas

CR 81-62                                    622 S.W. 2d 669

Supreme Court of Arkansas
Opinion delivered October 26, 1981

*Michael Dabney*, Public Defender, by: *Denny Hyslip*, Deputy Public Defender, for appellant.

*Steve Clark*, Atty. Gen., by: *Arnold M. Jochums*, Asst. Atty. Gen., for appellee.

DARRELL HICKMAN, Justice. Loyd Dwayne James was convicted of burglary and sentenced to thirty-three years in prison. His sentence was enhanced because he had four prior convictions. His five allegations of error are without merit and we affirm the judgment.

First, the trial court did not abuse its discretion in denying a continuance. James was appointed counsel with his co-defendant Fullerton in May, 1980. On September 4, 1980, his trial date, Fullerton pleaded guilty and James was granted a continuance to find other counsel. The public defender had been acting for both Fullerton and James. James contacted a lawyer but on September 26th that lawyer notified the court that he would not represent James at the trial which had been set for November 7th. The court notified the public defender on November 2nd or 3rd to be ready for trial. A motion for a ten day continuance was filed and denied. The court said that the trial had been pending for six months, there was adequate time to investigate it, and one continuance had already been granted. We cannot say this decision was an abuse of discretion. *McCree* v. *State,* 266 Ark. 465, 585 S.W. 2d 938 (1979); *Golden* v. *State,* 265 Ark. 99, 576 S.W. 2d 955 (1979).

Before trial the defense counsel filed a motion to preclude the state from using prior convictions to impeach James if he testified. It was argued that Ark. Stat. Ann. § 28-1001, Rule 609 (Repl. 1969) required the trial court to exercise discretion and weigh the prejudicial effect those prior convictions would have against their probative value. As it turned out the four prior convictions used all involve dishonesty. One was for grand larceny, another for theft of property and two for forgery. According to Rule 609 there is no requirement that the trial court weigh and consider the prejudicial effect the use of such convictions may have. That consideration is only required when a prior conviction is admissible because of the seriousness of the offense, and the offense does not involve dishonesty. Ark. Stat. Ann. § 28-1001, Rule 609; Cf. *Gustafson* v. *State,* 267 Ark. 278, 590 S.W. 2d 853 (1979) and Rule 608.

James wanted to voir dire the jury concerning sentencing only after the jury had returned a guilty verdict. What James actually wanted was to be able to qualify the jury twice; once before the guilt or innocence phase and again before sentencing. James had four prior convictions and these were presented to the jury after he was found guilty. There is no provision to allow a second voir dire in the

Arkansas law and James cites us no authority for such proposition.

During the sentencing phase of the trial James took the stand and attempted to testify that an arresting officer had said that James needed help with his drug problem. The court sustained an objection to this testimony as hearsay. James argued that he was prevented from presenting mitigating evidence during this stage of the trial. We find no abuse in the trial court's discretion having decided this matter in the case of *Heard & Ferguson* v. *State,* 272 Ark. 140, 612 S.W. 2d 312 (1981).

Finally, James argues that the evidence was insufficient to support his conviction. His accomplice, Fullerton, testified that they burglarized a business in Fayetteville in the early morning hours of the 9th day of May, 1980. Fullerton went in the place and handed out three pieces of stereo equipment. Officers came to the scene during the burglary and James was found outside the building crawling off through high grass and was apprehended. His story was that he did not participate in the burglary and did not intend to. Stereo equipment was found two or three hundred feet from the point of entry and since Fullerton testified that he never left the building through that route, the jury could easily conclude that James participated in the burglary.

Affirmed.