Wallace FLOYD *v.* STATE of Arkansas

CR 82-82                                   643 S.W.2d 555

Supreme Court of Arkansas
Opinion delivered December 20, 1982

*John W. Settle,* for appellant.

*Steve Clark,* Atty. Gen., by: *William C. Mann, III,* Asst. Atty. Gen., for appellee.

DARRELL HICKMAN, Justice. Wallace Floyd confessed to burglarizing several homes in the Fort Smith area, claiming he was a drug addict and needed to steal to support his habit. He was convicted of two counts of burglary and three counts of theft. He was sentenced as an habitual criminal with two or more prior convictions. His total sentence imposed was

fifty years imprisonment and a $30,000 fine. Floyd argues five reasons that his convictions should be overturned.

First, he argues his confession was involuntary because he was under the influence of drugs. He was arrested in Muskogee, Oklahoma, on a traffic offense on August 21, 1981. The Fort Smith authorities were called when certain evidence that had been reported stolen was found in Floyd's vehicle: A Pangburn High School ring, three savings bonds and some prescription medicine. Floyd had been under suspicion by the Fort Smith police for several residential burglaries. A warrant was issued out of Fort Smith August 24th, and Detective Mike Brooks went to Muskogee the next day. Floyd was arrested, waived extradition and Officer Brooks drove him back to Arkansas.

En route Brooks said he warned Floyd of his *Miranda* rights and Floyd acknowledged those rights in Arkansas before giving a full written statement involving himself in several burglaries, more than he was convicted of in this case.

Floyd's argument of involuntariness is that he was addicted to cocaine, codeine and speed when he confessed. He said he had secreted a drug in his shoe and took it after he was in jail in Oklahoma. He said he told Brooks he was addicted and that that statement was a preface to his confession. He said he was "high" when he made the statement and, therefore, it was involuntary. He cites the case of *Wright* v. *State*, 267 Ark. 264, 590 S.W.2d 15 (1980), as authority and contends that his assertions were not contradicted at trial and must be accepted as true. Detective Brooks did offer contradicting testimony. He said although Floyd told him he was an addict, he observed no signs that Floyd was under the influence of drugs or suffering from withdrawal pain. He saw no needle marks, evidence of fever, chills or sweating, and Floyd did not ask for sweets or water. The trial court did not have to accept Floyd's statement as true in view of this testimony. On review we consider the totality of the circumstances and the State must prove by a preponderance of the evidence that a statement made in

custody was voluntary. *State* v. *Branam,* 275 Ark. 16, 627 S.W.2d 8 (1982). We so find in this case.

Floyd concedes that his second argument regarding the sufficiency of the evidence must fail if the statement is found admissible. We find the statement admissible so there is no need to address the second argument.

By a motion in limine, Floyd sought to prevent the State from using four prior convictions to impeach his credibility if he testified. His third argument is that the State simply sought to prove he was a "bad person," and therefore prejudice the jury and insure conviction, rather than discredit Floyd's veracity, citing *Alford* v. *State,* 223 Ark. 330, 266 S.W.2d 804 (1954). *Alford* is not controlling. Ark. Stat. Ann. § 28-1001, Rule 609 (a) (Repl. 1979) provides that a witness' credibility can be attacked by proving certain prior convictions, and if the prior convictions are for false statements or dishonesty, the trial court does not determine whether the prejudicial effect of the prior convictions outweighs their probative value. Since Floyd's convictions for burglary and theft were for crimes involving dishonesty, they were admissible without the weighing test. His convictions for delivery of a controlled substance and attempted escape were for crimes punishable by imprisonment in excess of one year and so the trial court was required to weigh their probative value against the possibility of prejudice. After argument of counsel the court ruled they could be used. We cannot say the court abused its discretion.

Fourth, it is argued that the trial court should have granted a mistrial when the prosecuting attorney said if the jury found that a residence was broken into, they must find Floyd guilty of burglary and not a lesser crime. The defense objected and the court admonished the jury to disregard the statements of the attorneys and to follow the court's instructions as to the applicable law.

Floyd cannot complain for lack of a mistrial on appeal when none was requested. *Fielder* v. *State,* 206 Ark. 511, 176 S.W.2d 233 (1943). The judge admonished the jury without

being asked to do so. If the admonishment was too weak Floyd should have complained to the trial court.

Fifth, Floyd argues that a statement made by the prosecutor in argument merited a mistrial. The prosecutor said:

> Just one point. The testimony, I believe, was that the defendant was committing these burglaries to get money to buy drugs. If you do fine him and don't send him to the pen I think we all know where the fine money will come from, so please don't do that.

The trial court denied the motion for a mistrial but admonished the jury. It is well-settled that a prosecutor is allowed to argue any inference reasonably and legitimately deducible from the evidence. *Gruzen* v. *State,* 276 Ark. 149, 634 S.W.2d 92 (1982). Although similar, the remark is not comparable to the improper one in *Mays* v. *State,* 264 Ark. 353, 571 S.W.2d 429 (1978), where the prosecutor referred to the defendant as a dope pusher and there was not a shred of evidence to that effect. There was evidence that Floyd supported a drug habit by stealing.

In *Miller* v. *State,* 269 Ark. 341, 605 S.W.2d 430 (1980), we said: "A mistrial is an extreme and drastic remedy which should be resorted to only when there has been an error so prejudicial that justice could not be served by continuing the trial."

Affirmed.

PURTLE, J., not participating.