2010 Ark. 398

**Kenneth L. EDWARDS, Jr., Appellant,**

v.

**Garry CAMPBELL, Appellee.**

**No. 10–1020.**

Supreme Court of Arkansas.

Oct. 26, 2010.

Daily & Woods, P.L.L.C., by: Coby W. Logan and Wyman R. Wade, Jr., Fort Smith, for appellant.

Meadors Law Firm, PLLC, by: C. Brian Meadors, Fort Smith, for appellee.

ROBERT L. BROWN, Justice.

This appeal arises out of an order entered by the Circuit Court of Sebastian County, Greenwood District, granting a declaratory judgment and writ of mandamus and finding appellant, Kenneth Edwards, Jr., ineligible to run in the upcoming mayoral election scheduled for November 2, 2010. The circuit court further ordered that the votes cast for Edwards not be counted. We affirm the circuit court's order.

The facts are these. Edwards is currently Mayor of Greenwood and is running for reelection in the November 2, 2010 general election. On February 25, 2009, the Greenwood District Judge found Edwards guilty of theft of property in violation of Arkansas Code Annotated section 5–36–103 (Supp.2007). Edwards had been charged with theft for taking three campaign signs in opposition to a tax extension that Edwards supported. Initially, Edwards told police investigators that one sign was taken from Gordon Griffith's property,[1] one from his own property, and

---

1. Gordon Griffith was with Edwards when he took the signs and was also charged with misdemeanor theft of property. The district judge, however, found Griffith not guilty because, although he aided and assisted in the theft of the signs, he did so either (1) without

one from the Ware Road property, where he was observed taking the sign by a private citizen. Edwards later admitted that his initial statement was untrue and admitted to police investigators that he took two signs from the property of Wade Dunn and one sign from the property on Ware Road.

The Greenwood District Judge found that Edwards knowingly took or exercised unauthorized control over the signs at the Dunn and Ware Road properties with the purpose of depriving the owners thereof. The district judge further found that Edwards had no legal authority, defense, or justification for the removal. Accordingly, the judgment was entered against Edwards on February 25, 2009. Edwards did not appeal this conviction.

On September 7, 2010, appellee Garry Campbell, a resident and registered voter of Greenwood, filed a complaint in the Circuit Court of Sebastian County, Greenwood District, alleging a preelection challenge to Edwards's eligibility to run for reelection as the Mayor of Greenwood. Campbell sought a declaratory judgment, a writ of mandamus, and an expedited hearing. His complaint asserted that Edwards's previous conviction for misdemeanor theft of property was an "infamous crime," thus rendering him ineligible to hold office under article 5, section 9 of the Arkansas Constitution. Edwards filed an answer to the complaint.

The circuit court held a hearing on September 28, 2010, where counsel for both parties presented their arguments. At the conclusion of the hearing, the circuit court, citing this court's decision in *State v. Oldner*, 361 Ark. 316, 206 S.W.3d 818 (2005),

first found that an "infamous crime," as set out in article 5, section 9 of the Arkansas Constitution, is intended to include crimes involving the elements of dishonesty. The circuit court next found, after relying upon prior decisions of this court addressing whether theft involved dishonesty in the context of impeachment of a witness, that theft is a crime that involves dishonesty. As a result, the circuit court concluded that Edwards was not eligible under article 5, section 9 of the Arkansas Constitution to run for Mayor of Greenwood and ordered that any votes cast for Edwards not be counted.

Edwards filed a timely notice of appeal to this court on September 30, 2010. On October 6, 2010, he moved for expedited review, for an expedited briefing schedule, and for a stay of the circuit court order pending appeal with this court. On October 11, 2010, this court denied Edwards's motion for a stay but granted his motion for expedited review and established an expedited briefing schedule.

For his sole point on appeal, Edwards contends that the circuit court erred in determining that he was ineligible to run for mayoral office because, under the circumstances of this case, misdemeanor theft of property, the crime for which he was convicted, does not constitute an "infamous crime" within the meaning of article 5, section 9 of the Arkansas Constitution. Edwards urges this court, as an alternative, to consider the totality of the circumstances surrounding the theft charge and conviction and to determine on a case-by-case basis whether a crime fits within the definition of an "infamous

the purpose of depriving the owners of the signs; (2) without the purpose of committing a crime; or (3) engaged in the conduct believing that it did not, as a matter of law, constitute an offense, because he acted in reasonable reliance upon an official statement of the law made by a public official, Mayor Edwards, who was charged by law with responsibility for the interpretation or administration of the law defining the offense.

crime" under article 5, section 9, rather than adopting a bright-line rule.

Article 5, section 9 of the Arkansas Constitution provides that "[n]o person hereafter convicted of embezzlement of public money, bribery, forgery or other infamous crime, shall be eligible to the General Assembly or capable of holding any office of trust or profit in this State." This appeal involves an interpretation of what is an "infamous crime" in the context of article 5, section 9 of the Arkansas Constitution. We have previously set out the standard of review for cases involving the interpretation of a constitutional provision as follows:

> When interpreting the constitution on appeal, our task is to read the laws as they are written, and interpret them in accordance with established principles of constitutional construction. *Brewer v. Fergus,* 348 Ark. 577, 79 S.W.3d 831 (2002). It is this court's responsibility to decide what a constitutional provision means, and we will review a lower court's construction de novo. *Id.* We are not bound by the decision of the trial court; however, in the absence of a showing that the trial court erred in its interpretation of the law, that interpretation will be accepted as correct on appeal. *Id.* Language of a constitutional provision that is plain and unambiguous must be given its obvious and common meaning. *Worth v. City of Rogers,* 341 Ark. 12, 14 S.W.3d 471 (2000); *Daniel v. Jones,* 332 Ark. 489, 966 S.W.2d 226 (1998). Neither rules of construction nor rules of interpretation may be used to defeat the clear and certain meaning of a constitutional provision. *Daniel v. Jones,* (quoting *Foster v. Jefferson County Quorum Court,* 321 Ark. 105, 108, 321 Ark. 116–A, 901 S.W.2d 809, 810 (1995)).

*State v. Oldner,* 361 Ark. at 326, 206 S.W.3d at 821–22 (citing *Smith v. Sidney Moncrief Pontiac, Buick, GMC Co.,* 353 Ark. 701, 720, 120 S.W.3d 525, 537 (2003)).

In 2005, this court, in the case of *State v. Oldner,* addressed for the first time what constitutes an "infamous crime" for the purpose of removing an elected official from public office due to lack of eligibility under article 5, section 9. 361 Ark. at 323, 206 S.W.3d at 819. When considering how to interpret the meaning of "infamous crime," we recognized in *Oldner* the doctrine of *ejusdem generis,* which provides that "when general words follow specific words in a statutory enumeration, the general words are construed to embrace only objects similar in nature to those objects enumerated by the preceding specific words." *Id.* at 327, 206 S.W.3d at 822 (citing *Hanley v. Arkansas State Claims Comm'n,* 333 Ark. 159, 970 S.W.2d 198 (1998); *McKinney v. Robbins,* 319 Ark. 596, 892 S.W.2d 502 (1995)). This court also looked in *Oldner* to the doctrine of *noscitur a sociis,* which allows for a word to be defined by the words accompanying it.

Based on these rules of interpretation, this court concluded in *Oldner* that the framers of the Arkansas Constitution intended for an "infamous crime," when used in article 5, section 9, to include crimes involving elements of deceit and dishonesty. *Id.* at 327, 206 S.W.3d at 822. Additionally, this court embraced the notion in *Oldner* that infamous crimes are those that impugn the integrity of the office and directly impact the person's ability to serve as an elected official. *Id.* at 332, 206 S.W.3d at 826.

Also in *Oldner,* this court cited Professor LaFave's treatise on Criminal Law, which explained:

> Where the purpose was in former times to render a witness incompetent (or today to authorize the impeachment of the witness), the term "infamous" properly

has reference to those crimes involving fraud or dishonesty or the obstruction of justice (sometimes called *crimen falsi* ). Where the term is used in connection with disbarment or disqualification to hold office, vote or serve on a jury, it generally has a similar meaning.

*Id.* at 330, 206 S.W.3d at 824 (citing Wayne R. LaFave, *Substantive Criminal Law* § 1.6(d) (2d ed. 2003)). It is clear from this court's discussion in *Oldner* that this court has concluded that an "infamous crime" is one that includes elements of deceit or dishonesty.

Yet, this court has not ruled on the specific question on appeal, which is whether misdemeanor theft of property falls within the meaning of an "infamous crime" under article 5, section 9, thus rendering a person ineligible to run for public office. We did, however, early on, hold that calling a man a thief amounted to a charge of larceny, "which is an infamous crime." *Gaines v. Belding,* 56 Ark. 100, 100, 19 S.W. 236, 236 (1892). We have also considered theft to be a crime involving dishonesty in the context of impeachment under Arkansas Rules of Evidence 608 and 609. *See, e.g., Laughlin v. State,* 316 Ark. 489, 872 S.W.2d 848 (1994); *Floyd v. State,* 278 Ark. 86, 643 S.W.2d 555 (1982); *Rhodes v. State,* 276 Ark. 203, 634 S.W.2d 107 (1982); *James v. State,* 274 Ark. 162, 622 S.W.2d 669 (1981).

This court has made a distinction between crimes indicative of untruthfulness under Arkansas Rule of Evidence 608 and those indicative of dishonesty. *See Rhodes,* 276 Ark. at 207, 634 S.W.2d at 110. In *Rhodes,* this court found that the theft in that case, shoplifting, *while probative of dishonesty,* did not directly indicate an impairment of the trait for truthfulness. *Id.* at 209, 634 S.W.2d at 111. Likewise, in *Laughlin,* this court reiterated that under Rule 608(b), inquiries on cross-examination may be made into specific instances of conduct that are clearly probative of truthfulness or untruthfulness but not into conduct that is merely probative of dishonesty. 316 Ark. at 498, 872 S.W.2d at 853. Thus, this court refused to allow cross-examination into specific instances of theft, which were indicative of dishonesty, but did not necessarily evidence a proclivity for untruthfulness. *Id.* at 499, 872 S.W.2d at 854.

In the context of impeachment based on prior convictions involving dishonesty or false statements under Arkansas Rule of Evidence 609, this court has also specifically held that defendants may be impeached with prior convictions for theft because theft is a crime involving dishonesty. *See Floyd,* 278 Ark. at 89, 643 S.W.2d at 556–57 (finding that because the defendant's prior convictions for burglary and theft were crimes involving dishonesty, they were admissible to impeach under Rule 609); *see also James,* 274 Ark. at 164, 622 S.W.2d at 670 (holding that the defendant's prior convictions for grand larceny, theft, and forgery were all crimes involving dishonesty and therefore admissible under Rule 609 without weighing the prejudicial effect).

Despite this authority, Edwards makes several arguments in support of his point on appeal. He first claims that there is a strong public policy in favor of preserving eligibility to hold public office. He urges this court to consider all of the circumstances surrounding the theft charge and his subsequent conviction, including his argument that he thought at the time and still does today that he had the legal authority to remove the signs. Hence, he contends that what he did does not constitute an "infamous crime" within the meaning of article 5, section 9. He further argues that his conviction for misdemeanor theft of property for three campaign signs

is not serious enough to be deemed an "infamous crime." Campbell counters that Edwards's theft-of-property conviction should preclude him from holding office because this court has already determined that infamous crimes involve elements of dishonesty and determined that theft is a crime involving dishonesty. Campbell further argues against adopting a case-by-case analysis and considering the facts and arguments surrounding the conviction because that would be a collateral attack on Edwards's final judgment for misdemeanor theft.

Campbell is correct. This court has already determined in *Oldner* that an "infamous crime" involves dishonesty. 361 Ark. at 327, 206 S.W.3d at 822. This court, however, has not addressed the precise issue of whether theft is an "infamous crime" for the purposes of preelection eligibility under article 5, section 9. We have done so in the context of impeachment under the rules of evidence and analogized that to a person's eligibility to hold or run for public office. *See id.* at 330, 206 S.W.3d at 824 (citing Wayne R. LaFave, *Substantive Criminal Law* § 1.6(d) (2d ed.2003)). Furthermore, this court has consistently found that a theft conviction involves dishonesty and is therefore admissible to impeach under Arkansas Rule of Evidence 609. *See Floyd,* 278 Ark. at 89, 643 S.W.2d at 556–57; *see also* ╻₉*James,* 274 Ark. at 164, 622 S.W.2d at 670. All of this leads ineluctably to a conclusion that theft constitutes an "infamous crime" in the context of article 5, section 9 of the Arkansas Constitution.

We further do not agree with Edwards's contention that this court should consider the degree of his theft offense and the resulting punishment to determine whether the crime was infamous. This court in *Oldner* rejected this argument when it found that a crime is not considered infamous based on the available punishment but rather is considered infamous based on the underlying nature of that crime. 361 Ark. at 329, 206 S.W.3d at 823.

The crime of theft, for which Edwards was convicted, is committed when one knowingly

(1) Takes or exercises unauthorized control over, or makes an unauthorized transfer of an interest in, the property of another person, with the purpose of depriving the owner of the property; or

(2) Obtains the property of another person, by deception or by threat, with the purpose of depriving the owner of the property.

Ark.Code Ann. § 5–36–103(a). The severity of the punishment varies with the value of the property taken, the type of property taken, or the threats used in the taking of the property. *See id.* § 5–36–103(b). The underlying elements of the crime, however, remain the same, no matter how severe the theft was or the punishment imposed. In short, a person exhibits dishonesty when he or she knowingly takes unauthorized control of someone else's property or obtains that property through deception or threat with the purpose of depriving the owner ╻₁₀of the property, whether three campaign signs worth two dollars are taken or a car worth thirty thousand dollars is taken.

■ Edwards asks this court not to adopt a bright-line rule for all theft convictions but to consider the circumstances surrounding the theft and his conviction. He asks us specifically to reconsider his arguments that the people who placed the signs opposed his position on the tax extension and the signs were placed to taunt him and that he believed at the time that he had the legal authority to remove the signs because he thought they were in public right-of-ways. These arguments were presented to the district judge, who

found them unpersuasive and concluded that Edwards had violated the statute. Edwards did not appeal this conviction for theft of property. The general rule is that a defendant who does not appeal a criminal conviction cannot collaterally attack a final judgment. *See Camp v. State*, 364 Ark. 459, 463, 221 S.W.3d 365, 367 (2006). To have this court reconsider these arguments now, and, in light of them, find that his theft conviction and its punishment are not serious enough to be considered an "infamous crime" would not only run contrary to our decision in *Oldner* but would be in the nature of a collateral attack on the final judgment rendered by the district court.

We reject Edwards's argument that this court should consider reargument regarding his conviction in cases such as this. Edwards is a public official who perpetrated a theft while in office and who now seeks to be reelected to the same position of public trust. By his actions, he has impugned the integrity of that office. We hold that misdemeanor theft is a crime of dishonesty and, as such, fits readily within the classification of an "infamous crime." For these reasons, we affirm the circuit court's order declaring Edwards to be ineligible to stand for election for the position of Mayor of Greenwood and its order that the votes cast for Edwards on November 2, 2010, not be counted.

Affirmed.

The mandate in this case will issue immediately.