2013 Ark. 221
**STATE of Arkansas, Appellant**

v.

**Kenny Webster CASSELL, Appellee.**

**No. CV–12–852.**

Supreme Court of Arkansas.

May 23, 2013.

**664**

Dustin McDaniel, Att'y Gen., by: Colin R. Jorgensen, Ass't Att'y Gen., for appellant.

Joe Don Winningham, Conway, for appellee.

CLIFF HOOFMAN, Justice.

The State of Arkansas appeals from an order of the Searcy County Circuit Court granting Kenny Webster Cassell's motion for summary judgment and dismissing the State's petition to remove Cassell as Sheriff and Collector of Searcy County. At issue is whether Sheriff Cassell's misdemeanor-theft conviction prohibits him from holding public office in the state of Arkansas. Because we conclude that it does, we reverse and remand.

The relevant facts of this case are largely undisputed. The State filed a petition to remove Sheriff Cassell from office on October 31, 2011, and an amended petition on December 28, 2011, alleging that Cassell had pled guilty in October 1979 to a misdemeanor violation of 18 U.S.C. § 659, Embezzlement or Theft of Interstate or Foreign Shipments by Carrier; that Cassell had committed the crime while serving as a deputy sheriff in Searcy County; that Cassell had been sentenced to one year's imprisonment, comprised of thirty days in jail with eleven months' supervised suspension, and a $300 fine; that in a paid political advertisement in the *Marshall Mountain Wave* on October 15, 2009, Cassell acknowledged the conviction; that Cassell was elected sheriff in November 2010; and that under article 5, section 9 of the Arkansas Constitution, Cassell was barred from holding office. Exhibits attached to the petition established that on February 4, 1979, Cassell had unlawfully possessed, with the knowledge that they were stolen, cornish hens that belonged to Tyson Food, Inc., worth less than $100, that were to be shipped from Springdale, Arkansas, to the state of Maryland. Also on October 31, 2011, the State filed a motion for summary judgment, which was later amended, and a motion for a show-cause hearing. Cassell filed a motion to dismiss the petition.

A hearing on these motions was held on July 16, 2012, and the court entered an order denying both Cassell's motion to dismiss and the State's motion for summary judgment. The court found that Cassell had been convicted of theft by receiving, which was a crime that involved dishonesty, but it found that the State had failed to prove that the crime impugned the integrity of the office or that it directly impacted Sheriff Cassell's ability to serve as an elected official. The court was convinced that without some showing that the conviction impugned the integrity of the office or directly impacted Cassell's ability to serve, the theft conviction alone was not sufficient for removal.

On July 26, 2012, Cassell filed a motion for summary judgment, submitting that this court had adopted a two-part test for determining whether removal from office was warranted under article 5, section 9 of the Arkansas Constitution. In the motion, Cassell acknowledged that he had been convicted of misdemeanor theft in 1979, but he claimed that the State was also required to prove that his conviction impugned the integrity of the sheriff's office or that it directly impacted his ability to serve as an elected official. Cassell claimed that the State had failed to establish the second prong—that his theft conviction impugned the integrity of the office or directly impacted his ability to serve. In response, the State argued that because theft was an "infamous crime" under article 5, section 9 of the Arkansas Constitution, Cassell was ineligible to hold public office in Arkansas. The State maintained that no further proof was necessary for removal purposes. However, the State alternatively argued that there were facts in the record to indicate that Cassell had impugned the integrity of the office—specifically, the State noted that Cassell was serving as deputy sheriff when he committed the theft.

Following a hearing on August 16, 2012, the court entered an order on September 4, 2012, granting Cassell's motion for summary judgment and dismissing with prejudice the State's petition for removal. The court adopted the two-step approach that was advocated by Cassell. Specifically, the court found that theft by receiving was a crime involving dishonesty that qualified as an "infamous crime," but it found that the State had failed to establish that the conviction directly impacted Sheriff Cassell's ability to serve as an elected official or impugned the integrity of the office of Searcy County Sheriff. The court was especially influenced by the fact that Cassell had committed the crime years before running for office. The court indicated that had he committed the crime while serving as sheriff, it could rule as a matter of law that the misdemeanor theft constituted an "infamous crime." The court found that the people of Searcy County elected Sheriff Cassell with full knowledge of his prior conviction, which meant that his conviction did not impugn the integrity of the office or directly impact his ability to serve. The State filed a timely notice of appeal from the September 4 order.[1]

On appeal, the State contends that the circuit court erred in granting Cassell's motion for summary judgment and in finding that a misdemeanor-theft conviction prior to holding office does not disqualify a person from holding office under article 5, section 9 of the Arkansas Constitution. Citing to this court's decisions in *Edwards v. Campbell*, 2010 Ark. 398, 370 S.W.3d 250, and *State v. Oldner*, 361 Ark. 316, 206

---

1. We note that the parties do not dispute that Cassell was reelected as Searcy County Sheriff in the November 2012 general election.

S.W.3d 818 (2005), the State maintains that, as a matter of law, Cassell's theft conviction alone, without further inquiry, permanently disqualified him from serving as an elected official in Arkansas.

In his responsive brief, Cassell maintains that the circuit court ruled correctly because our decision in *Oldner, supra,* established a two-part test for eligibility: (1) whether the person committed a crime that involved deceit or dishonesty and (2) whether the conviction impugns the integrity of the office and directly impacts the person's ability to serve as an elected official. Cassell posits that although the circuit court found that Cassell's conviction pursuant to 18 U.S.C. § 659 amounted to a crime involving deceit or dishonesty, we should affirm where the circuit court also found that the State did not prove that the conviction impugned the integrity of the office or directly impacted Cassell's ability to serve as sheriff.

■ Summary judgment may be granted only when there are no genuine issues of material fact to be litigated, and the moving party is entitled to judgment as a matter of law. *Cannady* ₅ *v. St. Vincent Infirmary Med. Ctr.,* 2012 Ark. 369, 423 S.W.3d 548. Ordinarily, upon reviewing a circuit court's decision on a summary-judgment motion, we would examine the record to determine if genuine issues of material fact exist. *May v. Akers-Lang,* 2012 Ark. 7, 386 S.W.3d 378. However, in a case where the parties agree on the facts, we simply determine whether the appellee was entitled to judgment as a matter of law. *Hobbs v. Jones,* 2012 Ark. 293, 412 S.W.3d 844. When parties file cross-motions for summary judgment, as was done in this case, they essentially agree that there are no material facts remaining, and summary judgment is an appropriate means of resolving the case. *Id.*

As to issues of law presented, our review is de novo. *Id.*

■ Article 5, section 9 of the Arkansas Constitution states, "No person hereafter convicted of embezzlement of public money, bribery, forgery or other infamous crime, shall be eligible to the General Assembly or capable of holding any office of trust or profit in this State." In *State v. Oldner,* 361 Ark. 316, 206 S.W.3d 818 (2005), this court addressed for the first time what constituted an "infamous crime" for purposes of removing an elected official from public office. There, the State filed a petition to remove the mayor of Dumas after he had been convicted of witness tampering, a class A misdemeanor, and abuse of office, a Class B misdemeanor. Subsequent to his convictions, the mayor was reelected. The circuit court denied the State's petition, finding that an infamous crime was one that was punishable by more than one year's imprisonment. We reversed the circuit court's decision, holding that the framers of article 5, section 9 intended an "infamous crime" to be one that involved elements of deceit and dishonesty and that the crimes of abuse of office and witness tampering involved ₆dishonesty and deceit. We recognized that "[n]ot only do these crimes involve dishonesty and deceit, but, more importantly, they directly impact Oldner's ability to serve as an elected public official" and that "[t]he integrity of the office of Mayor would be impugned by allowing Oldner to remain in that office." *Id.* at 332, 206 S.W.3d at 825–26. We were not swayed by Oldner's argument that his crimes were committed during a previous term of office and that despite his convictions, the public reelected him:

> [T]he fact that Oldner was reelected Mayor after the charges were filed against him is irrelevant. Oldner's convictions of infamous crimes disqualify

him from holding public office. This is not a disqualification that can be overcome by the will of the electorate. Simply put, he remains ineligible for holding public office in perpetuity.

*Id.* at 333, 206 S.W.3d at 826.

Five years later, in *Edwards v. Campbell*, we relied heavily on *Oldner* to reach the conclusion that misdemeanor theft was a crime involving dishonesty that "fits readily within the classification of an 'infamous crime,'" which precluded the mayor of Greenwood from holding public office. 2010 Ark. 398, at 9, 370 S.W.3d 250, 256. In *Edwards*, the mayor, who was running for reelection, was convicted of misdemeanor theft for taking three campaign signs in opposition to a tax extension that he supported. In concluding that theft was a crime that involved dishonesty, we examined how it had been treated in other legal areas, such as impeachment and credibility. We held that because theft was a crime that involved dishonesty, it was an "infamous crime" as contemplated by article 5, section 9 of the Arkansas Constitution. We specifically rejected the contention that the court should consider the degree of theft or the resulting punishment in determining whether the crime was "infamous" for purposes of eligibility. We noted that

> a person exhibits dishonesty when he or she knowingly takes unauthorized control of someone else's property or obtains that property through deception or threat with the purpose of depriving the owner of the property, whether three campaign signs worth two dollars are taken or a car worth thirty thousand dollars is taken.

*Id.* at 9, 370 S.W.3d at 255. In reaching our conclusion, this court focused solely on the issue of whether theft was a crime involving dishonesty—after finding that it indeed was, the court did not make further inquiry as to whether that conviction impugned the integrity of the office of mayor or directly impacted Edwards's ability to serve.

■ Having examined our holdings in *Oldner* and *Edwards*, we conclude that the State is correct in this case that we have not adopted a two-part test. Rather, our decisions in *Oldner* and *Edwards* stand for the proposition that a crime that involves dishonesty or deceit constitutes an "infamous crime" under the Arkansas Constitution, which bars the offender from holding public office. Once it has been determined that a party has committed an "infamous crime," that party is ineligible to hold public office. An "infamous crime" by its nature impugns the integrity of the office and directly impacts the person's ability to serve as an elected official. *See Edwards*, 2010 Ark. 398, at 5, 370 S.W.3d at 253.

■ Our decision is consistent with a plain-language interpretation of the constitutional provision at issue. When interpreting the Arkansas Constitution, our task is to read the laws as they are written. *City of Fayetteville v. Washington Cnty.*, 369 Ark. 455, 255 S.W.3d 844 (2007). Language that is plain and unambiguous is to be given its obvious and common meaning. *Id.* Article 5, section 9 commands that no person convicted of an infamous crime shall be capable of holding any public office in the State. "Under the plain language of the Constitution it is *the fact of conviction* that disqualifies a person from holding public office." *Ridgeway v. Catlett*, 238 Ark. 323, 325, 379 S.W.2d 277, 279 (1964) (emphasis added).

Here, there is no disagreement that Cassell was convicted of violating 18 U.S.C. § 659 in 1979. The circuit court found that this was a theft offense and that such an offense involved dishonesty. Pursuant to our case law, the offense was therefore an "infamous crime" under arti-

cle 5, section 9. However, the circuit court erroneously determined that Cassell's theft conviction alone was not enough to require removal without some proof that the conviction impugned the integrity of the elected office or directly impacted Cassell's ability to serve. Thus, we reverse the circuit court's decision and remand for proceedings consistent with our decision.

Reversed and remanded.

Special Justices CAUSLEY EDWARDS and DONALD RANEY join in this opinion.

BAKER and HART, JJ., not participating.