ROBERT J. LAMBERT, JR., Special Justice, concurring |]2I concur -in the result, but I .write separately to explain why I do not believe the Comprehensive Records Sealing Act of 2013 should govern this case. Article 5, section 9 of the Arkansas Constitution provides that, “No person hereafter convicted of embezzlement of public money, bribery, forgery or other infamous crime, shall be eligible to the General Assembly- or capable of holding any office of trust or profit in this State.” l1sThe appellee. Josh Johnston, was not convicted of embezzlement of public money, bribery or forgery. Thus, there must be a finding that Mr. Johnston was convicted of, or pled guilty to, an “infamous crime” to make him ineligible for public office. I would hold that a .conviction of a Class A Misdemeanor for worthless checks under Arkansas Code Annotated § 5-37-307 is not an “infamous crime”. . It should come as no surprise that a cursory review of the- term “infamous crime” has varied and- conflicting definitions in- different jurisdictions. - - A crime punishable by imprisonment in the State prison or penitentiary,with or without hard labor, is an infamous crime within the provisions of .the Fifth Amendment to the Constitution-that, “No person shall.be held to answer for a ■ capital or otherwise infamous crime unless on presentment or indictment of a Grand Jury.” Mackin v. United States, 117 U.S. 348, (1886). Whether an offense is. infamous depends on the punishment which may be imposed-, not on the punishment which was imposed. United States v. Moreland, 258 U.S. 433, 437 (1922). The California Supreme Court has held that under the California Constitution, a plaintiff convicted of a federal felony could not be excluded from voting. The Court held that to preserve the constitutionality of the-provision, the term “infamous crime” was held not to comprehend all felonies. Rather, the phrase, “must be limited to ■ conviction of 'crimes involving moral corruption and dishonesty, thereby branding théir perpetrator as a threat to the integrity of the elective process.” Otsuka v. Hite 414 P.2d 414, 414 (1966). This court found that a mayor convicted of misdemeanor witness tampering and abuse of office was guilty of an “infamous crime” and should be removed from, public office even though he had not been convicted of a felony. State v. Oldner, 361 Ark. 316, 206 S.W.3d 818 (2005). 14See also Edwards, v. Campbell, 2010 Ark. 398, 370 S.W.3d 250 (2010) and State v. Cassell, 2013 Ark. 22k 427 S.W.3d 663 (2012). It has beén written that Oldner, Edwards, and Cassell have established a “bright-line rule” of interpretation by this court when reviewing similar cases. See Michael K. Goswami, Comment, High Crimes, Treason, and Chicken Theft: “Infamous Crimes” in Arkansas .and Disqualification from Political Office, 67 Ark. L.Rev. 653, 654 (2014). However, each of the criminal convictions in those cases required intent. Here, Mr. Johnston pled guilty under Arkansas Code Annotated § 5-37-307 which establishes a presumption of guilt if an individual fails to make a worthless check good and fails to pay a service charge to the holder and fees to the affected financial institution. Ark. Code.. Ann. § 5 — 37—307(c)(2). In other words, the individual may not have intended to write a worthless check, but that individual has been neglectful in making the check good and paying the appropriate fees within a defined time. While there should be a consequence for the individual’s failure to act promptly, is-the individual’s failure to act truly an “infamous crime”? I believe it is the duty of this court to determine which crimes are “infamous crimes” pursuant to our constitution, which the majority fails to do. State v. Oldner, 361 Ark. 316, 323, 206 S.W.3d 818, 819 (2005) (citing Allen v. State, 327 Ark. 350, 327 Ark. 366A, 939 S.W.2d 270 (1997)). I respectfully disagree with the majority’s use of the Comprehensive Criminal Records Sealing Act of 2013 as the basis for its opinion in this case. The Arkansas General Assembly enacted this statute to allow an individual who has been convicted of a lower tier felony or- misdemeanor to have his or her prior criminal history information sealed. Ark.Code Ann. §§ 16-90-1401 et seq. One of the practical applications of the Act is to enable 11fian individual who has been- convicted of - a lower tier felony or misdemeanor to legally tell a potential employer that they have not been convicted of these crimes. Ark.Code Ann. § 16 — 90—1417(b)(1). However, the Act does not reconfer the right to carry a firearm if, that right was removed as the result of a felony conviction. ,Ark.Code Ann, §. 16 — 90—1417(a)(3). Further, a person who wants to reacquire the right to vote which was removed as the result of a felony conviction .must follow the procedures set forth in the Arkansas Constitution, amendment 51, section 11. Ark.Code Ann. § 16-90-Í417(a)(2). Can the majority logically argue that the General Assembly’s intent in enacting this statute was an absolute restoration of a convicted felon’s “privileges and rights”, even though it withholds that person’s rights- to carry a gun or vote? Moreover, Arkansas Code Annotated §■ 16-90-1417(b)(2)(A)-(E) provides the use of a prior conviction otherwise sealed for five enumerated purposes. How can the legislature make the “privileges and rights, restored” conditional when, as the majority, would hold as a matter of law, the crime never occurred? Ark. Code Ann. § 16-90-1417. While I believe this court’s decisions in Edwards and Cassell were rather harsh, that is hot the issue before this court. Mr. Johnston’s misdemeanor was sealed pursuant to Arkansas Code Annotated ■§ 16-90-1405, which deals with sealing misdemean- or offenses or violations. However, I am more concerned about the majority’s tacit endorsement of Arkansas Code Annotated § 16-90-1406 “Felony Convictions Eligible for Sealing” which states in pertinent part: (a) Unless prohibited under § 16-90-1408, a person may petition the Court to seal a record of a conviction after five (5) years has elapsed since the completion of the person’s sentence for: |1fi(l) a Class C felony or Class D felony; (2) an unclassified felony; (3) an offense under § 5-64-401 et seq. that is .a Class A felony or Class B felony; (4) solicitation to commit, attempt to commit, or conspiracy to commit the substantive offenses listed in subdivisions (a)(l )-(3) of this section; or (5) a felony not involving violence committed while the person was less than eighteen (18) years of age. The consequence of the majority’s opinion will allow individuals to run for public office who have been convicted of a certain felonies delineated under the Act and, after a period of five years, have had their criminal record ’sealed pursuant'to the Act. This decision is contrary to the historic definition of “infamous crime”.- ' ■ Candidates for public office in Arkansas have always been held to a higher standard. Ark. Const, art. 5, § 9. I would be more comfortable with the majority’s use of the Act as the basis for its decision in this case if the General Assembly had specifically stated that the Act-was intended to apply to individuals who run for public office. Ark.Code Ann. § 16-90-1402. That intent is simply not expressed. Department of Human Services and Child Welfare Agency Review Board v. Howard, 367 Ark. 55, 62, 238 S.W.3d 1, 6. (2006). I further disagree with the majority’s use of the -case of Powers v. Bryan, 309 Ark, 568, 832 S.W.2d 232 (1992) to support its interpretation of the statute. The Powers case is an outlier. Altus “Shorty” Dozier was convicted in 1932 of a felony. On July 29, 1985, the Honorable John Lineberger granted Dozier a writ of error Coram Nobis, declaring that the 1932 convictions were “null and void”. Judge Lineberger further ordered the reinstatement of all Dozier’s rights of which he was deprived or could have been deprived because of the |171932 felony convictions. Finally, Judge Lineberger ordered the -sealing of the record containing the Coram Nobis proceedings. I agree with Haile’s argument that a writ of error Coram Nobis is an extraordinarily rare remedy, more known for its denial than its approval. As a result of the granting of the writ of error Coram Nobis, Mr. Dozier’s felony conviction was “null and void”. Thus, he was reinvested of his right to carry a firearm and vote. The writ of error Coram Nobis at common law was a remedy to “right a wrong,” while the Comprehensive Criminal Records Sealing Act of 2013 is an act of redemption. Finally, Arkansas courts have consistently recognized that a person convicted of a felony for one of the specifically enumerated offenses in the constitution is disqualified from holding public office under article 5, section 9 of the Arkansas Constitution. State v. Oldner, 361 Ark. 316, 206 S.W.3d 818 (2005); Campbell v. State, 300 Ark. 570, 781 S.W.2d 14 (1989); Reaves v. Jones, 257 Ark. 210, 515 S.W.2d 201 (1974); Ridgeway v. Catlett, 238 Ark. 323, 379 S.W.2d 277 (1964). The effect of the majority’s opinion in the instant case is to overturn a long line of cases holding that a felony is an “infamous crime” and thereby qualifying such person to hold office.