RHONDA K. WOOD, Associate Justice
A Pulaski County jury convicted Edward Rogers of three counts of rape. On appeal, he challenges the sufficiency of the evidence, and he alleges the circuit court erroneously prohibited him from cross-examining one of the victims about her misdemeanor conviction for theft of property. We hold that the State presented evidence sufficient to convict Rogers of all three rapes. However, we find that the circuit court erred when it precluded Rogers's cross-examination of one victim's prior conviction. Nevertheless, we affirm because this error was harmless.
I. Facts
The State charged Rogers with the rape of four sisters, TB, MiB, MaB, and LW, who were all under eighteen at the time of the alleged offenses. For years, Rogers, who had a romantic relationship with their mother, lived with the girls. At trial, each sister testified about their specific sexual contacts with Rogers.
First, TB and MiB, seventeen-year-old twins, testified that Rogers acted like a father to them and that they called him "Daddy." They had known him since he began dating their mother when they were approximately five years old. At trial, they described how Rogers had raped them separately when they were thirteen, and they detailed his continued sexual contact with them. Both girls explained that the sexual contact primarily occurred when he had them alone, usually on a blow-up mattress, on the couch in the living room, or in his car. TB testified that Rogers used a "gold condom." She also testified that she witnessed Rogers sexually abusing her three sisters. MiB ultimately told her mother about the rape. MiB had behavioral problems and had run away from home. She told her mother that the reason for her behavior was that Rogers had raped her and her sisters.
MaB was sixteen years old at the time of trial. She testified that Rogers first touched her inappropriately when she was twelve years old in their living room. A few days later, when no one else was home, he raped her. She testified that he had used a condom with a gold wrapper. MaB testified that Rogers had raped her at least five times, either in the living room, her bedroom, or in his car. She also testified that she had loved Rogers and called him "Daddy" prior to the abuse.
The oldest sister, LW, was twenty-one years old at the time of trial. She also *389 testified that she thought of Rogers as a father. She stated that when she was fourteen, Rogers raped her in her bedroom after school when no one else was home. Approximately one month later, he raped her again on the couch in the living room. LW testified that in total, Rogers had raped her five or six times. All four sisters testified that Rogers insinuated their mother would be harmed if they told her, and three of the sisters testified that Rogers threatened to kill himself should they inform their mother of his conduct.
The girls' mother also testified at Rogers's trial. She stated that Rogers was heavily involved in caring for the girls and that he acted as a father. In 2013, MiB told her that Rogers had touched MiB and TB inappropriately. At that time, neither of the girls disclosed that they had been raped. When the mother confronted Rogers, he told her that he had made a mistake and that it would not happen again. He moved out of the house, but the family continued to have contact with him. In November 2014, MiB disclosed to her mother that Rogers had raped her and her sisters. The mother stated that she talked to each of the girls individually and that they all confirmed the abuse. She again confronted Rogers. He told her that he had been abused as a boy, and he threatened to commit suicide. Although the mother admitted that the family struggled financially after Rogers moved out, she denied having encouraged her daughters to fabricate the allegations.
Rogers testified in his defense. He stated that he was the girls' father figure, but he denied ever touching them inappropriately. Rogers claimed that the mother had the girls manufacture the rape charges because she was mad at him.
A jury convicted Rogers of the rapes of MaB, MiB, and LW. The jury acquitted him of the rape of TB. He was sentenced to forty years' imprisonment for the rape of MaB and to two twenty-year terms of imprisonment for the rapes of MiB and LW. The jury recommended that the sentences run concurrently, and the circuit court accepted that recommendation. Rogers appealed to the court of appeals, and it reversed. Rogers v. State , 2017 Ark. App. 521, 536 S.W.3d 128. The State filed a petition for review, and we accepted review under Rule 1-2(e) of the Rules of the Arkansas Supreme Court. On review, we treat the case as if it had been originally filed in our court. Kilgore v. Mullenax , 2017 Ark. 204, 520 S.W.3d 670.
II. Sufficiency of the Evidence
Rogers's first point on appeal challenges the sufficiency of the evidence. He contends that the victims were not credible and that the prosecution presented no physical evidence of rape. The test for determining the sufficiency of the evidence is "whether the verdict is supported by substantial evidence, direct or circumstantial." Jeffries v. State , 2014 Ark. 239, 3, 434 S.W.3d 889, 893. We view the evidence in the light most favorable to the verdict, only considering that evidence which supports the verdict. Id. Testimony of a rape victim alone constitutes sufficient evidence to support a conviction. Hanlin v. State , 356 Ark. 516, 525, 157 S.W.3d 181, 187 (2004).
At Rogers's trial, all three sisters of whom he was convicted of raping testified that Rogers had sexual intercourse with them when they were minors. Specifically, MaB testified that Rogers began touching her inappropriately when she was twelve years old and had sexual intercourse with her just days after her thirteenth birthday. MiB testified that Rogers had forced sexual contact with her when she was thirteen, and later had sexual intercourse with her on several occasions. Finally, LW testified *390 that she was fourteen years old when Rogers first raped her and that it occurred repeatedly.
Here, each victim's testimony, in isolation, constitutes sufficient evidence to support the corresponding conviction. However, in this case, there was more evidence than just the victims' isolated testimony. Rogers exhibited similar behaviors in each rape. Indeed, all four girls were roughly the same age when Rogers began sexually abusing them. Two of the four girls testified that Rogers used a gold condom during intercourse. Two of the girls testified that Rogers drove them to a dead-end street to have intercourse in the back of his car. All four girls shared similar sexual encounters with Rogers in their family living room, and each girl testified that Rogers instructed them not to tell their mother what he had done. Three of the girls testified that Rogers threatened to "kill himself" if they told.
Moreover, all three convictions are corroborated by eyewitness testimony. MaB testified that Rogers performed oral sex on her and MiB while they laid in the same bed. MiB testified to witnessing Rogers engage in penetrative intercourse with MaB. TB, the fourth sister, witnessed Rogers engaging in oral sex on MaB, having intercourse with MiB, and testified to watching a video of Rogers having intercourse with LW.
Viewing all the evidence in the light most favorable to the verdict, and only considering evidence which supports the verdict, we hold that Rogers's conviction is supported by substantial evidence.
III. Cross-Examination on Theft of Property Conviction
Rogers next argues that the circuit court erred in prohibiting his counsel from cross-examining LW about her misdemeanor conviction for theft of property under Arkansas Rule of Evidence 609(a) (2017)[1] which provides that
[f]or the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted but only if the crime (1) was punishable by death or imprisonment in excess of one [1] year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to a party or a witness, or (2) involved dishonesty or false statement, regardless of the punishment.
The admission or rejection of evidence is left to the sound discretion of the circuit court, and we will not reverse absent an abuse of discretion. Benson v. State , 357 Ark. 43, 160 S.W.3d 341 (2004).
During the cross-examination of LW, Roger's counsel approached the bench and explained that he intended to impeach LW. At that time, the following colloquy occurred:
DEFENSE COUNSEL : She has a misdemeanor conviction out of 2014 for theft of property. Before I impeach her for that, I want to make sure are y'all objecting on that?
PROSECUTOR : Yes. It's a misdemeanor, and it's over-I mean, it's over a year old.
DEFENSE COUNSEL : It's a misdemeanor, but it's in the matter that deals with truthfulness.
*391 PROSECUTOR : Actually theft is not. If it was a forgery, or filing a false police report or something like that.
COURT : I agree.
Rogers argues this ruling was an abuse of discretion because a conviction of theft of property is a crime involving dishonesty and is therefore always admissible under Rule 609(a). In response, the State argues that the issue is not preserved because Rogers failed to proffer the facts underlying the conviction and failed to establish that the theft involved "dishonesty or false statement." We conclude that the circuit court erred.
This court has consistently held that theft crimes involve dishonesty, regardless of the facts underlying the particular offense. See, e.g. , State v. Cassell , 2013 Ark. 221, 427 S.W.3d 663 (stating that the crime was infamous because it was a theft offense, which involves dishonesty); Edwards v. Campbell , 2010 Ark. 398, 370 S.W.3d 250 (holding that misdemeanor theft of property, as defined in Ark. Code Ann. § 5-36-103(a), is a crime of dishonesty); Webster v. State , 284 Ark. 206, 680 S.W.2d 906 (1984) (stating that grand larceny involves dishonesty); Floyd v. State , 278 Ark. 86, 643 S.W.2d 555 (1982) (holding that conviction for theft was admissible for impeachment because it is a crime of dishonesty); James v. State , 274 Ark. 162, 622 S.W.2d 669 (1981) (stating that prior convictions for theft, grand larceny, and forgery all involved dishonesty); Gustafson v. State , 267 Ark. 278, 590 S.W.2d 853 (1979) (holding that convictions for larceny and burglary were indicative of dishonesty under Rule 609(a) ). Further, under Rule 609(a)(2), when considering the admissibility of a crime involving dishonesty, courts are not required to compare the weight of the probative value to the prejudicial effect, and we have held that these crimes are automatically admissible. Wal-Mart Stores, Inc. v. Regions Bank Tr. Dep't , 347 Ark. 826, 69 S.W.3d 20 (2002) (citing congressional commentary to Fed. R. Evid. 609(a), which is identical to our rule).
Here, Rogers sought to impeach LW with her prior misdemeanor-theft conviction. Because this court holds that theft crimes involve dishonesty and are automatically admissible pursuant to Rule 609(a), it was unnecessary for Rogers to proffer the factual circumstances underlying the conviction. See Edwards , 2010 Ark. 398, 370 S.W.3d 250. Accordingly, not only is this issue preserved for our review, but we conclude that the circuit court abused its discretion by refusing to admit this evidence under Rule 609(a).
However, our analysis does not end there. After we determine that a defendant was denied the opportunity to impeach a witness's credibility, we must next consider whether that error was harmless. Winfrey v. State , 293 Ark. 342, 738 S.W.2d 391 (1987). This court has previously found harmless error in rape-conviction appeals. Pigg v. State , 2014 Ark. 433, at 5, 444 S.W.3d 863, 866 (holding on appeal that the court need not determine whether it was error to deny defendant the opportunity to question the victim's credibility when the alleged error would be harmless); Johnston v. State , 2014 Ark. 110, at 8, 431 S.W.3d 895, 899 (holding that erroneous admission of incestuous and pornographic pictures was harmless error in a rape conviction); Kelley v. State , 2009 Ark. 389, at 21, 327 S.W.3d 373, 384 (determining error was harmless in admitting two prior convictions involving indecency with a minor in a rape conviction); Buford v. State , 368 Ark. 87, 91, 243 S.W.3d 300, 303-04 (2006) (finding harmless error when the court erroneously allowed a child-abuse expert to testify as to the victim's credibility in a rape trial). But see *392 Scamardo v. State , 2013 Ark. 163, at 9, 426 S.W.3d 900, 905 (denying a harmless-error argument when the circuit court refused to allow questioning regarding the victim's inconsistent statement as to whether the rape occurred). Here, the circuit court's error fits the harmless-error mold.
An error is harmless when the evidence of guilt is overwhelming and the error is slight. Scamardo , 2013 Ark. 163, at 9, 426 S.W.3d at 905. In Buford , the court found evidence of guilt overwhelming when the trial testimony included graphic detail of the rape, the victim testified to the rape, and another witness testified to witnessing the rape. Buford , 368 Ark. at 91, 243 S.W.3d at 303. Here, the evidence that Rogers raped LW is overwhelming. LW testified in specific detail to multiple occurrences of rape. TB testified that she observed a video of Rogers engaged in sex with LW. Moreover, all four victims described what this court emphasized in Kelley when affirming for harmless error as "remarkably similar conduct on the part of [the defendant]." Kelley , 2009 Ark. 389, at 20, 327 S.W.3d at 383. The girls similarly described their sexual encounters with Rogers, including the color of the condom, the dead-end road where he took two of them, and Rogers's suicide threats.
Additionally, if Rogers experienced any prejudice, it was slight. Whether an error is slight hinges on the degree to which the defendant was prejudiced. Id. The proposed impeachment testimony of LW, unlike the victim's testimony in Scamardo , did not directly relate to the allegation at hand. Thus, although there was error, it was harmless.
Affirmed; court of appeals decision vacated.
Womack, J., concurs.
Kemp, C.J., and Baker and Hart, JJ., dissent.

On appeal, Rogers did not make a confrontation-clause argument under the Sixth Amendment, nor did he make that challenge at trial. This court will not address an argument, even a Sixth Amendment constitutional one, that has not been preserved. Roston v. State , 362 Ark. 408, 409, 208 S.W.3d 759, 760 (2005). His argument is limited to the admissibility under Rule 609.