Cite as 2023 Ark. App. 362

# ARKANSAS COURT OF APPEALS
## DIVISION IV
#### No. CV-22-173

| | | |
|---|---|---|
| LYNN MAYALL | | Opinion Delivered September 6, 2023 |
| | APPELLANT | |
| | | APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT [NO. 26CV-20-518] |
| V. | | |
| DIAMOND BANK | | HONORABLE LYNN WILLIAMS, JUDGE |
| | APPELLEE | |
| | | AFFIRMED |

**RAYMOND R. ABRAMSON, Judge**

This appeal arises from a Garland County Circuit Court's consent judgment and agreed decree of foreclosure on December 13, 2021. On appeal, Lynn Mayall argues that the circuit court erred in granting summary judgment in favor of Diamond Bank. We affirm.

In July 2018, Mayall negotiated with Howard Johnson for the purchase of a convenience store located at 6052 Albert Pike Road, Royal, AR 71968. Mayall planned to purchase the store on seller financing for six months and then refinance his debt to Johnson with a loan from Diamond Bank. Mayall met with Diamond Bank Market President Sean Mullenix to discuss financing. Mayall claims that at this July 2018 meeting, Diamond Bank promised him a loan of 80 percent of the appraised value of the store in six months, although he admits that he did not discuss any loan terms or a specific loan amount at that time.

In early 2019, Diamond Bank offered—and Mayall accepted—a loan of $368,498.90. Under the terms of the written loan agreement, the purpose of the loan was to refinance the convenience store.

On March 30, 2020, Diamond Bank filed an amended complaint for foreclosure against Lynn Mayall as well as eleven other defendants. On July 30, Mayall filed a counterclaim against Diamond Bank in which he alleged a single claim of promissory estoppel. On June 25, 2021, the circuit court issued its order granting summary judgment in favor of Diamond Bank on Mayall's counterclaim and dismissed the counterclaim with prejudice. Mayall appealed. After Diamond Bank filed its appellee brief pointing out that this court did not have jurisdiction, Mayall voluntarily dismissed the appeal as prematurely filed. His motion to dismiss the appeal was granted by the court of appeals on October 29, 2021.

The circuit court then entered a consent judgment and agreed decree of foreclosure on December 13, 2021. Mayall filed a notice of appeal on December 24. Mayall filed his appellant brief in this present appeal on May 3, 2022, requesting that this court reverse the circuit court's order granting summary judgment on the counterclaim.

Our summary-judgment standard is well settled. Summary judgment may be granted only when there are no genuine issues of material fact to be litigated. *Greenlee v. J.B. Hunt Transp. Servs.*, 2009 Ark. 506, 342 S.W.3d 274. The burden of sustaining a motion for summary judgment is always the responsibility of the moving party. *McGrew v. Farm Bureau Mut. Ins. Co. of Ark.*, 371 Ark. 567, 268 S.W.3d 890 (2007). Once the moving party has

established a prima facie entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *Greenlee*, *supra.* On appellate review, this court determines if summary judgment was appropriate by deciding whether the evidentiary items presented by the moving party in support of the motion leave a material fact unanswered. *Id.* We view the evidence in the light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *Id.* Our review focuses not only on the pleadings but also on the affidavits and other documents filed by the parties. *Id.* As to issues of law presented, our review is de novo. *State v. Cassell*, 2013 Ark. 221, 427 S.W.3d 663.

Mayall claims a factual dispute exists as to whether the loan he was allegedly promised in July 2018 was on the same subject matter as the loan he agreed to and received in April 2019. Mayall's own testimony demonstrates that the July 2018 promise for a loan and the April 2019 loan agreement were for the very same purpose: to refinance the convenience store Mayall purchased from Johnson. As such, Diamond Bank contends that Mayall's promissory-estoppel claim is barred as a matter of law and, in the alternative, that Mayall's claim is also barred by the statute of frauds.

Mayall maintains that granting summary judgment to Diamond Bank was reversible error because the promissory-estoppel claim hinged on a disputed issue of material fact–– that is, whether the loan between the parties was on a different subject matter than the original promised loan. We find no reversible error here.

Under Arkansas law, a plaintiff may establish promissory estoppel upon the showing of (1) the making of a promise; (2) the intent that the promise be relied upon; (3) actual reliance upon the promise; and (4) injustice resulting from a refusal to enforce the promise. Howard W. Brill & Christian H. Brill, *Arkansas Law of Damages* § 17:14 (6th ed. 2014) (citing *Curtis Lumber Co., Inc. v. La. Pac. Corp.*, 618 F.3d 762, 780 (8th Cir. 2010)).

We agree with Diamond Bank that Mayall's promissory-estoppel claim is barred by the existence of a formal contract. Mayall's counterclaim alleges a single cause of action for promissory estoppel. Mayall concedes that a "promissory estoppel claim cannot survive when a formal contract between the parties on the same subject matter exists." *Lowell Perkins Agency, Inc. v. Jacobs*, 250 Ark. 952, 959, 469 S.W.2d 89, 93 (1971) (noting that "the law never accommodates a party with an implied contract when he has made a specific one on the same subject matter"). That is the case here, where the alleged July 2018 promise for a loan was on the "same subject matter" as the April 2019 loan agreement that Mayall ultimately agreed to in writing and received.

Mayall's sole argument on appeal is that the loan he was promised was "not on the same subject" as the loan he received. But Mayall's own testimony was that the July 2018 promise and the April 2019 loan agreement were for the very same purpose. Mayall testified that his plan was to purchase the store on seller financing from Howard Johnson and then obtain a loan from Diamond Bank approximately six months later "to pay off [his] debts out there at the store," including "get[ing] Howard [Johnson] paid off." The facts in the record thus support only one conclusion: the alleged promise for a loan was on the "same subject

matter" as the loan Mayall ultimately received. Mayall's attempts to distinguish the subject matter of the alleged promise from that of the written agreement are unpersuasive.

The April 2019 loan documents expressly state that the purpose of the loan was to refinance the convenience store. The loan documents further state that they "are the complete and final expression of the understanding between [Mayall] and [Diamond Bank]." Any testimony that the loan had a different purpose—or an understanding that the loan had a different purpose—would contradict the plain, unambiguous terms of the loan documents. Such testimony is inadmissible under the parol-evidence rule and therefore does not create a genuine dispute of material fact as to the subject matter of the loan.

Mayall also argues that the written loan agreement "stemmed from separate negotiations" than the prior verbal promise. This argument likewise fails under the parol-evidence rule. The very purpose of the rule is to "merge, and thereby extinguish, all prior and contemporaneous negotiations, understandings and verbal agreements" so that all that remains is what the parties ultimately agree to in writing. *Ultracuts Ltd. v. Wal-Mart Stores, Inc.*, 343 Ark. 224, 232, 33 S.W.3d 128, 134 (2000). If evidence of "separate" negotiations were permitted under the rule, then the rule would serve no purpose at all because all prior negotiations would come in. Instead, any prior negotiations for a loan to refinance the convenience store "merged into the written contract" that Mayall signed in April 2019 and are barred by the parol-evidence rule. *See Hagans v. Hines*, 64 Ark. App. 158, 163, 984 S.W.2d 41, 44 (1998).

5

Mayall contends that he signed the loan because of financial distress. This argument also fails. It is undisputed that Mayall voluntarily agreed to the terms of the April 2019 loan documents, and any financial distress he may have been under at the time cannot alter the terms of that agreement. *See Newsom v. Rabo Agrifinance, Inc.*, 2013 Ark. App. 259, at 14–15, 427 S.W.3d 688, 697. ("To establish duress that will justify voiding a contract, a party must show," among other things, "that the wrongful conduct [of the opposing party] deprived him of his own free will and volition.").

Moreover, Mayall's statement that he agreed to the April 2019 loan to avoid defaulting on his contract with Johnson is further evidence that the purpose of the April 2019 loan agreement and the alleged 2018 promise were one and the same: to refinance the convenience store Mayall purchased from Johnson. Because the verbal promise allegedly made in July 2018 for a loan approximately six months in the future and the written loan agreement signed by Mayall in April 2019 were on the same "subject matter," the circuit court correctly held that Mayall's promissory-estoppel claim cannot proceed as a matter of law. As such, we affirm the circuit court's order granting summary judgment in favor of Diamond Bank.

Affirmed.

GRUBER and BROWN, JJ., agree.

*Heaton & Harris LLP*, by: *Colin C. Heaton*, for appellant.

*Wright, Lindsey & Jennings LLP*, by: *Adrienne L. Baker* and *Laura E. Cox*, for appellee.